415 S.E.2d 457

**Gary Allen GIBSON, Petitioner,**

v.

**Carl E. LEGURSKY, Warden, West Virginia Penitentiary, Respondent.**

**No. 20628.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 14, 1992.

Decided March 5, 1992.

Matthew A. Victor, Charleston, for petitioner.

Joanna I. Tabit, Deputy Atty. Gen., Charleston, for respondent.

MILLER, Justice:

In this original habeas corpus proceeding, the petitioner, Gary Allen Gibson, challenges the validity of his second life recidivist conviction, which the Circuit Court of Wood County made consecutive to his first life recidivist conviction. In particular, the petitioner claims that the second life recidivist sentence was based on two underlying felonies that had formed the basis of his first life recidivist conviction. Consequently, he contends that the utilization of these same felonies to enhance both life recidivist sentences violates double jeopardy principles. We disagree.

## I.

The material facts are not in dispute. On June 15, 1978, the petitioner was convicted of voluntary manslaughter in the Circuit Court of Wood County and was subsequently sentenced to the West Virginia Penitentiary for an indeterminate term of imprisonment of one to five years. On February 19, 1982, the petitioner entered a plea of guilty to the offense of burglary in the Circuit Court of Wood County. He was sentenced, upon his conviction, to an indeterminate term of imprisonment of one to fifteen years.

On August 5, 1985, the petitioner was again convicted of burglary in the Circuit Court of Wood County. Thereafter, the prosecuting attorney for Wood County filed a recidivist information under W.Va. Code, 61–11–18 (1943), seeking the imposition of a life sentence upon the petitioner.[1] On September 23, 1985, after a trial by jury on the recidivist information, the petitioner was found guilty, and the Circuit Court of Wood County sentenced him to life imprisonment.

The petitioner was subsequently charged with conspiracy to commit murder, an offense which occurred while he was confined in the West Virginia Penitentiary. The case was transferred from Marshall County on a motion for change of venue. Subsequently, on January 19, 1989, the petitioner was convicted by a jury in the Circuit Court of Cabell County. On February 7, 1989, another recidivist information was filed against the petitioner based on the felonies contained within the first recidivist information.

On April 17, 1989, under a plea agreement, the petitioner agreed to acknowledge his three previous felony convictions and waived the recidivist trial as provided for in W.Va.Code, 61–11–19 (1943).[2] Subsequently, by an order dated May 23, 1989, the petitioner was given a second life recidivist sentence to run consecutive to the earlier life recidivist sentence.

## II.

We spoke to the concept of double jeopardy, found in Article III, Section 5 of the West Virginia Constitution, in *Conner v. Griffith,* 160 W.Va. 680, 238 S.E.2d 529 (1977). In *Conner,* we recognized that the federal doctrine of double jeopardy, which is found in the Fifth Amendment to the United States Constitution, is binding on the states through the Fourteenth Amendment to the United States Constitution, as mandated by *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds, Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). We adopted the federal formulation of the double jeopardy principles from *Pearce*[3] in Syllabus Point 1 of *Conner:*

---

1. W.Va.Code, 61–11–18, provides, in material part: "When it is determined, as provided in section nineteen hereof, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life."

2. The relevant part of W.Va.Code, 61–11–19, provides:

  "Said court shall, before expiration of the term at which such person was convicted, cause such person or prisoner to be brought before it, and upon an information filed by the prosecuting attorney, setting forth the records of conviction ... shall require the prisoner to say whether he is the same person or not. If he says he is not, or remains silent, his plea, or the fact of his silence, shall be entered of record, and a jury shall be impanelled to inquire whether the prisoner is the same person mentioned in the several records."

3. The Supreme Court stated in *North Carolina v. Pearce,* 395 U.S. at 717, 89 S.Ct. at 2076, 23 L.Ed.2d at 664–65:

  "[The Double Jeopardy Clause contained in the Fifth Amendment to the United States Constitution] has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." (Footnotes omitted).

  *See also Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990); *Jones v. Thomas,* 491 U.S. 376, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989); *Ohio v. Johnson,* 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980).

"The Double Jeopardy Clause in Article III, Section 5 of the West Virginia Constitution, provides immunity from further prosecution where a court having jurisdiction has acquitted the accused. It protects against a second prosecution for the same offense after conviction. It also prohibits multiple punishments for the same offense."

*See also State v. Sayre,* 183 W.Va. 376, 395 S.E.2d 799 (1990); *State v. Fortner,* 182 W.Va. 345, 387 S.E.2d 812 (1989); *Keller v. Ferguson,* 177 W.Va. 616, 355 S.E.2d 405 (1987); *State v. Collins,* 174 W.Va. 767, 329 S.E.2d 839 (1984); *State v. Myers,* 171 W.Va. 277, 298 S.E.2d 813 (1982).

■ The petitioner claims that the recidivist sentences in this case constitute multiple punishments for the same offense because some of the same underlying felonies were used in both the first and second recidivist proceedings. In *State ex rel. McMannis v. Mohn,* 163 W.Va. 129, 254 S.E.2d 805 (1979), *cert. denied,* 464 U.S. 831, 104 S.Ct. 110, 78 L.Ed.2d 112 (1983), we explained that our statutory recidivist proceeding does not involve a separate substantive offense, but is designed to enhance the punishment for the underlying felony which is the subject of the recidivist proceeding.[4] In *McMannis,* we stated: "In applying the recidivist life penalty, the trial court does not impose a separate sentence for the last felony conviction, but upon the jury's conviction in the recidivist proceeding it imposes a life sentence on the last felony conviction." 163 W.Va. at 140–41, 254 S.E.2d at 811. (Citations omitted). *See State v. Graham,* 68 W.Va. 248, 69 S.E. 1010 (1910), *aff'd,* 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917 (1912).[5] In order to establish a life recidivist conviction, another felony must be proven beyond those for which the defendant has been previously sentenced.

In *State v. Lawson,* 125 W.Va. 1, 22 S.E.2d 643, 144 A.L.R. 235 (1942), without any elaborate discussion of the question, we concluded that the use of prior convictions to convict the defendant in an earlier recidivist proceeding did not preclude their use in a subsequent case to establish a life recidivist conviction.

■ Other states, using much the same analysis as utilized in *McMannis, supra,* have held that double jeopardy is not violated merely because earlier convictions used to support a recidivist sentence are subsequently used to establish another recidivist sentence. Typical is this statement made by the Colorado Court of Appeals in *People v. Anderson,* 43 Colo.App. 178, 181, 605 P.2d 60, 62 (1979):

"Because the habitual criminal statute does not create new or separate offenses, but rather defines statutes which mandate enhanced or different punishment, *Casias v. People,* 148 Colo. 544, 367 P.2d 327 (1961), the use of a prior conviction as a determinant of status does not constitute double jeopardy. It is the total number of felony convictions that determines what punishment will be imposed, not the specific offenses involved. Only the fact of the various convictions, and not the facts underlying those offenses, is determinative of a defendant's status." (Citations omitted).

*See also State v. Salazar,* 95 Idaho 650, 516 P.2d 707 (1973); *State v. Gaskey,* 255 Iowa 967, 124 N.W.2d 723 (1963); *State v. Losieau,* 182 Neb. 367, 154 N.W.2d 762 (1967); *City of Cincinnati v. McKinney,* 101 Ohio App. 511, 137 N.E.2d 589 (1955); *Pearson v. State,* 521 S.W.2d 225 (Tenn.

---

4. In *McMannis,* we stated: "[T]he defendant does not receive two separate sentences—one for the underlying felony and another for the recidivist charge. Rather, the punishment for the underlying felony is statutorily lengthened as a result of the recidivist charge." 163 W.Va. at 143–44, 254 S.E.2d at 812–13. (Citations omitted).

5. *State v. Graham* dealt with the question of whether the use of prior felony convictions to establish a recidivist conviction violates double jeopardy principles. *Graham* held that double jeopardy was not violated. Some courts have cited *Graham* in situations like the present case where the prior felonies are used to establish multiple recidivist convictions. *E.g., City of Cincinnati v. McKinney,* 101 Ohio App. 511, 137 N.E.2d 589 (1955); *Pearson v. State,* 521 S.W.2d 225 (Tenn.1975).

**54**

1975); *Tristan v. State*, 510 S.W.2d 329 (Tex.Crim.App.1974).

The federal courts have also adopted this position with regard to their interpretation of state recidivist convictions. The Fifth Circuit Court of Appeals in *Sudds v. Maggio*, 696 F.2d 415, 417–18 (5th Cir.1983), offered this explanation in finding no due process violation:

"We come now to Sudds' contention that the same prior conviction cannot be used to enhance two subsequent convictions. Sudds cites no case for this proposition, nor can we find any to support it. Since double jeopardy principles are not offended by the use of a prior felony conviction to enhance punishment, *Woodard [v. Beto*, 447 F.2d 103 (5th Cir.), *cert. denied*, 404 U.S. 957, 92 S.Ct. 325, 30 L.Ed.2d 275 (1971)]; *Price v. Allgood*, 369 F.2d 376 (5th Cir.1966), *cert. denied*, 386 U.S. 998, 87 S.Ct. 1321, 18 L.Ed.2d 349 (1967) (upholding Louisiana statute), we see no logical reason why it should be impermissible to use the same prior conviction to enhance sentences on more than one subsequent conviction. Another circuit has reached the same conclusion. *Montgomery v. Bordenkircher*, 620 F.2d 127 (6th Cir.), *cert. denied*, 449 U.S. 857, 101 S.Ct. 155, 66 L.Ed.2d 71 (1980). Such a restriction would greatly reduce the utility of tiered habitual offender statutes (where the sentence is enhanced to one degree for the second conviction, to another degree for the third, and so on), since a criminal who was convicted as a second offender could not then be convicted as a third offender until he had committed two more crimes."

*See also Baker v. Duckworth*, 752 F.2d 302 (7th Cir.), *cert. denied*, 472 U.S. 1019, 105 S.Ct. 3483, 87 L.Ed.2d 618 (1985).

Consequently, we hold that double jeopardy principles are not offended merely because earlier convictions used to establish a recidivist conviction are subsequently utilized to prove a second recidivist conviction.

For the foregoing reasons, we conclude that the petitioner's writ of habeas corpus is without merit and is, therefore, denied.

Writ denied.