427 S.E.2d 754

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Dwayne Junior DAVIS, Defendant Below, Appellant.**

**No. 21111.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 26, 1993.

Decided Feb. 24, 1993.

**60**

Teresa A. Tarr, Asst. Pros. Atty., Parkersburg, for appellee.

Joseph T. Santer, Santer & Santer, Parkersburg, for appellant.

PER CURIAM:

This is an appeal by the defendant, Dwayne Junior Davis, from an order of the Circuit Court of Wood County sentencing him to life in the penitentiary as a recidivist for breaking and entering. In the present appeal, the defendant claims that the sentence imposed is wholly disproportionate to the crime committed and that the sentence violates the proportionality principle implicit in the cruel and unusual punishment clause of the Eighth Amendment of the Constitution of the United States and in Article III, § 5 of the Constitution of West Virginia. After reviewing the facts of this case and the question presented, this Court agrees with the defendant's assertion. Accordingly, the judgment of the Circuit Court of Wood County is reversed.

On November 16, 1989, following a jury trial, the defendant, Dwayne Junior Davis, was found guilty of breaking and entering a retail business located in an isolated area of Parkersburg, West Virginia. The entry occurred late on the evening of September 1, 1988, after the business had closed for the day. The evidence adduced during the trial showed that a total of about $10.00 was taken from an office area of the business and from a small change box in the building. No one, other than the defendant, was in the building at the time of the breaking and entering, and there was no use, or threat of use, of violence against any person involved in the commission of the crime.

After the defendant was found guilty, the State of West Virginia filed a recidivist information indicating that he had previously been convicted of two other felonies. The first was for grand larceny by receiving stolen property. The defendant had plead guilty to that charge and had received a one-to-ten-year sentence in the State penitentiary. The second felony involved the breaking and entering of another business located in Parkersburg, West Virginia. At the time of that other breaking and entering, the business was closed and no one was present other than the defendant. The defendant plead guilty to

that charge and was again sentenced to from one-to-ten years in the State penitentiary.

Following the filing of the recidivist information, the defendant admitted that he was the individual identified in the information and that, in effect, he had previously twice been convicted of the commission of felonies. As a consequence of the defendant's admitting the allegations contained in the information, the circuit court, pursuant to the provisions of *W. Va. Code,* 61–11–18, sentenced the defendant to life in the penitentiary for having committed three felonies.[1]

As indicated above, in the present proceeding the defendant claims that the sentence imposed upon him was wholly disproportionate to the crime committed and violated the proportionality principle implicit in both the United States and West Virginia Constitutions.

■ This Court has consistently indicated that a criminal sentence may be so long as to violate the proportionality principle implicit in the cruel and unusual punishment clause of the Eighth Amendment of the United States Constitution and Article III, § 5 of the West Virginia Constitution. *State ex rel. Boso v. Hedrick,* 182 W.Va. 701, 391 S.E.2d 614 (1990); *State v. Cooper,* 172 W.Va. 266, 304 S.E.2d 851 (1983); *Wanstreet v. Bordenkircher,* 166 W.Va. 523, 276 S.E.2d 205 (1981); *State v. Vance,* 164 W.Va. 216, 262 S.E.2d 423 (1980). And it has been specifically recognized that sentences enhanced under West Virginia's recidivist statute are just as susceptible to this rule as ordinary sentences. *State v. Vance, Id.,* and *Martin v. Leverette,* 161 W.Va. 547, 244 S.E.2d 39 (1978).

■ In syllabus point 8 of *State v. Vance, supra,* the Court recognized the proportionality principle, as follows:

Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: "Penalties shall be proportioned to the character and degree of the offence."

In syllabus point 7 of *State v. Beck,* 167 W.Va. 830, 286 S.E.2d 234 (1981), the Court discussed how, in light of the proportionality principle, the appropriateness of a life sentence under the recidivist statute would be determined. The Court said:

The appropriateness of a life recidivist sentence under our constitutional proportionality provision found in Article III, Section 5, will be analyzed as follows: We give initial emphasis to the nature of the final offense which triggers the recidivist life sentence, although consideration is also given to the other underlying convictions. The primary analysis of these offenses is to determine if they involve actual or threatened violence to the person since crimes of this nature have traditionally carried the more serious penalties and therefore justify application of the recidivist statute.

■ It appears that in the case presently before the Court, the final or triggering felony was a simple breaking and entering of a building, not a dwelling, which resulted in the theft of approximately $10.00. There is no suggestion that actual violence was used or was threatened in the course of the commission of the crime. The business, at the time, was closed at night and no one was present on the premises. In

---

1. *W. Va. Code,* 61–11–18, provides:

When any person is convicted of an offense and is subject to confinement in the penitentiary therefor, and it is determined, as provided in section nineteen [§ 61–11–19] of this article, that such person had been before convicted in the United States of a crime punishable by imprisonment in a penitentiary, the court shall, if the sentence to be imposed is for a definite term of years, add five years to the time for which the person is or would be otherwise sentenced. Whenever in such case

the court imposes an indeterminate sentence, five years shall be added to the maximum term of imprisonment otherwise provided for under such sentence.

When it is determined, as provided in section nineteen hereof, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life.

this Court's view, this evidence does not show that this last crime was a violent crime or demonstrated that the defendant had a propensity for violence.

In *State v. Miller*, 184 W.Va. 462, 400 S.E.2d 897 (1990), this Court indicated that while not the exclusive determining factor, the propensity for violence on the part of the defendant is an important factor to be considered before applying the recidivist statute.

A further analysis of the record in the case presently under consideration suggests that the underlying felonies upon which the defendant's recidivist conviction was based were neither violent in nature or in actuality. The first underlying felony conviction was for receiving stolen property. There is no indication that the defendant used or threatened to use violence in that case. The second felony, like the final felony, involved the breaking and entering of a business which was closed at night. No one other than the defendant was present at the time of the commission of the crime. There is no evidence that any individual was either harmed or threatened with harm.

In analyzing the overall circumstances of the present case, this Court concludes that the record indicates that the defendant was convicted of three crimes but that not one of them was *per se* a crime of violence. There is no indication that the two breakings and enterings involved violence to any individual, and the record suggests that they actually occurred in buildings which were closed and in which no individual was present. The third crime was a property crime which involved the receipt of stolen property.

In two of the cases previously cited, *State ex rel. Boso v. Hedrick, supra,* and *Wanstreet v. Bordenkircher, supra,* the Court indicated that where all the crimes committed by a defendant were non-violent and focused on property, life sentences violated the proportionality principle.

Rather clearly, the crimes of which the defendant was convicted were property crimes and crimes which did not involve violence. In line with the thinking in the cases cited above, the Court believes that a life sentence was disproportionate to those crimes and, in essence, violated the proportionality principle contained in the West Virginia and United States Constitutions.

For the reasons stated, this Court believes that the defendant's life sentence must be set aside and that he must be remanded to the Circuit Court of Wood County for resentencing.

In examining the circumstances of the case, the Court believes that the record shows beyond any doubt that the defendant is a recidivist and that under the overall circumstances an additional five years may be imposed upon his last sentence under the provisions of *W.Va.Code*, 61–11–18.

For the reasons set forth herein, the judgment of the Circuit Court of Wood County is reversed, and this case is remanded to the circuit court for the resentencing of the defendant in conformity with the principles set forth herein.

Reversed and remanded with directions.