460 S.E.2d 450

**STATE of West Virginia, Plaintiff
Below, Appellee,**

v.

**Ronald Lee WYNE, Defendant
Below, Appellant.**

No. 22346.

Supreme Court of Appeals of
West Virginia.

Submitted May 9, 1995.

Decided July 11, 1995.

**316**

Darrell V. McGraw, Jr., Atty. Gen., Mary Blaine McLaughlin, Asst. Atty. Gen., Charleston, for appellee.

James Wilson Douglas, Sutton, for appellant.

MILLER, Justice:

This is an appeal of a life recidivist conviction from the Circuit Court of Braxton County entered on April 15, 1994, pursuant to *W.Va.Code*, 61–11–18(c) (1994).[1] Two errors are alleged. The first is whether in a life recidivist trial it is necessary for the State to prove the underlying or triggering felony conviction that gave rise to the recidivist charge in addition to the prior felony convictions. The second error is whether the offenses giving rise to the life recidivist sentence were sufficiently non-violent to violate our constitutional proportionality principle.

In 1984, Ronald Lee Wyne, the defendant, pled guilty in the Circuit Court of Braxton County to the crime of breaking and entering. Additionally, in 1989, in the same court he had entered a guilty plea to the crime of second degree arson. These two felony crimes formed the prior convictions that were set out in the life recidivist charge. This was done after the defendant had pled guilty in the Circuit Court of Braxton County in 1991 to the felony of jail escape under *W.Va.Code*, 61–5–10 (1990).[2]

The prosecutor filed an information on the two prior convictions of breaking and entering and second degree arson and sought imposition of a recidivist life sentence. The recidivist issue was tried before a jury that found that the defendant was the same indi-

---

**1.** *W.Va.Code*, 61–11–18(c) (1994) provides in relevant part:

> When it is determined, as provided in section nineteen hereof, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life.

This section was amended in 1994, however, the same language is found in *W.Va.Code*, 61–11–18 (1943). The 1994 amendment made some minor changes in the first paragraph designated subsection (a) and inserted subsection (b) dealing with eligibility of parole for recidivist proceedings involving convictions of first or second de-

gree murder or violation of *W.Va.Code*, 61–8B–3 (1991) (first degree sexual assault).

**2.** *W.Va.Code*, 61–5–10 (1990) states in relevant part:

> (b) If any person be lawfully confined in jail or private prison and not sentenced on conviction of a criminal offense, shall escape therefrom by any means, such person shall, (i) if he be confined upon a charge of a felony, be guilty of an additional felony, and, upon conviction thereof, shall be confined in the penitentiary not less than one nor more than five years...."

Note: *W.Va.Code*, 61–5–10 was rewritten in 1994 with minor changes in subsection (b)(i) that do not affect this case.

vidual who had been previously convicted and sentenced for the felony of breaking and entering and second degree arson. Subsequently, by the order of April 15, 1994, the defendant was "sentenced to confinement in the West Virginia Penitentiary for life upon his conviction for jail breaking."

■ A life recidivist penalty may be imposed under *W.Va.Code*, 61–11–18 (1943), if the defendant has been convicted of two prior felonies [3] in addition to the third felony which triggers the life recidivist proceeding.

## II

■ We have discussed in syllabus point 1 of *Gibson v. Legursky*, 187 W.Va. 51, 415 S.E.2d 457 (1992) how the life recidivist penalty is imposed once the jury finds that the defendant is the same person convicted of the underlying felonies which establish the life recidivist conviction:

> In applying the recidivist life penalty, the trial court does not impose a separate sentence for the last felony conviction, but upon the jury's conviction in the recidivist proceeding it imposes a life sentence on the last felony conviction. In order to establish a life recidivist conviction, another felony must be proven beyond those for which the defendant has been previously sentenced.

*See also State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 140–41, 254 S.E.2d 805, 811 (1979), *cert. denied*, 464 U.S. 831, 104 S.Ct. 110, 78 L.Ed.2d 112 (1983). In *State ex rel. Combs v. Boles*, 151 W.Va. 194, 200, 151 S.E.2d 115, 119 (1966), we made this parallel observation "A defendant may not be sentenced for the principal offense and then be given an additional separate sentence upon the [recidivist] information." Thus, *Gibson's*

syllabus dictates that a life recidivist proceeding is designed to enhance the punishment for the third felony which in this case was jail escape. This is consistent with other jurisdictions, as illustrated by the Indiana Supreme Court's statements in *Edwards v. State*, 479 N.E.2d 541, 548 (Ind.1985):

> A sentence upon a finding of habitual criminality is not imposed as consecutive to the sentence imposed for the underlying felony conviction. Such a finding is not a conviction of a separate crime, but rather provides for the enhancement of a sentence imposed under conviction for an underlying felony. (Citations omitted.)

*See also Lopez v. State*, 108 Idaho 394, 700 P.2d 16 (1985); *State v. Berney*, 378 N.W.2d 915 (Iowa 1985); *Hawkins v. State*, 302 Md. 143, 486 A.2d 179 (1985).

The language of *W.Va.Code*, 61–11–19 (1943), which outlines the general procedure for trying a recidivist charge demonstrates that the recidivist charge is not triggered until there has been an initial conviction. The prosecuting attorney after this initial conviction gives the Court information as to the "former sentence or sentences to the penitentiary of" the defendant. This information must be given "to the court immediately upon conviction and before sentence." *W.Va.Code*, 61–11–19 (1943).[4] Moreover, the prosecutor is required "before expiration of the term at which such person was convicted" to file an information, "setting forth the records of conviction and sentence, or convictions and sentences."[5] These records obviously relate to the prior felony convictions of the defendant and not the conviction that triggers the recidivist charge. It is this latter conviction which receives an enhanced sentence once the recidivist conviction is obtained as we pointed out in *Gibson, supra.*

---

3. *See supra,* note 1 for the pertinent text of *W.Va. Code,* 61–11–18 (1994).

4. The applicable portion of *W.Va.Code,* 61–11–19 (1943) states:

> It shall be the duty of the prosecuting attorney when he has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary to give information thereof to the court immediately upon conviction and before sentence.

5. The pertinent language of *W.Va.Code,* 61–11–19 (1943) is:

> [B]efore expiration of the term at which such person was convicted, ... and upon an information filed by the prosecuting attorney, setting forth the records of conviction and sentence, or convictions and sentences, as the case may be, and alleging the identity of the prisoner with the person named in each....

Thus, under *W.Va.Code,* 61–11–19 (1943), a recidivist proceeding does not require proof of the triggering offense because such triggering offense must be proven prior to the invocation of the recidivist proceeding. At the recidivist proceeding, proof of the prior felony or felonies convictions that are used to establish the recidivist conviction must be shown. Such recidivist conviction will then be used to enhance the penalty of the underlying triggering conviction. Consequently, the circuit court was correct in refusing to allow the jury to consider the triggering felony of jail escape as a necessary element of proof for the life recidivist conviction.

## III

We have recognized that it is possible for a life recidivist conviction to violate the specific proportionality provision contained in Article III, Section 5 of the West Virginia Constitution that states "[p]enalties shall be proportioned to the character and degree of the offense."[6] Recently, in syllabus point 5 of *State v. Jones,* 187 W.Va. 600, 420 S.E.2d 736 (1992), we quoted our prior law setting out how our proportionality standard is applied in a life recidivist context.

" 'The appropriateness of a life recidivist sentence under our constitutional proportionality provision found in Article III, Section 5 [of the West Virginia Constitution], will be analyzed as follows: We give initial emphasis to the nature of the final offense which triggers the recidivist life sentence, although consideration is also given to other underlying convictions. The primary analysis of these offenses is to determine if they involve actual or threatened violence to the person since crimes of this nature have traditionally carried the more serious penalties and therefore justify application of the recidivist statute.' Syl.Pt. 7, *State v. Beck,* 167 W.Va. 830, 286 S.E.2d 234 (1981)." Syllabus Point 2, *State v. Housden,* 184 W.Va. 171, 399 S.E.2d 882 (1990).[7]

In *State v. Jones, supra,* we declined to hold that our proportionality principle was violated. There, the defendant had made threats to an appliance repairman that he would kill him if a new stove was not delivered to his home. At the time the threats were made the defendant was armed. Although the repairman was able to escape, we emphasized that "there was most certainly the threat of violence." 187 W.Va. at 605, 420 S.E.2d at 741. This was the last or triggering offense for the life recidivist conviction and as illustrated, by *Jones'* syllabus it is given particular emphasis. This defendant's two prior convictions were for burglary and grand larceny.

Recently in *State v. Davis,* 189 W.Va. 59, 427 S.E.2d 754 (1993), we found that a life recidivist sentence violated our proportionality rule where the defendant's last conviction was for breaking and entering of a store. This occurred after closing hours and approximately $10.00 was taken from a small change box. Two earlier felonies formed the basis for the life recidivist charge. One was a grand larceny conviction for receiving stolen property. The second was a second breaking and entering of a store after it had closed. In *Davis,* we found that the last felony was non-violent in the context of the occurrence as were the earlier two felonies, and, thus, the life sentence was disproportionate.

In this case, the last felony was jail escape and the record surrounding its occurrence

6. The complete text of Article III, Section 5 states:

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. Penalties shall be proportioned to the character and degree of the offense. No person shall be transported out of, or forced to leave the State for any offense committed within the same; nor shall any person, in any criminal case, be compelled to be a witness against himself, or be twice put in jeopardy of life or liberty for the same offense.

7. In syllabus point 3 of *State v. Jones, supra,* we gave this summary of the purpose behind our recidivist statute:

The primary purpose of our recidivist statutes, W.Va.Code, 61–11–18 (1943), and W.Va. Code, 61–11–19 (1943), is to deter felony offenders, meaning persons who have been convicted and sentenced previously on a penitentiary offense, from committing subsequent felony offenses. The statute is directed at persons who persist in criminality after having been convicted and sentenced once or twice, as the case may be, on a penitentiary offense.

was developed at the sentencing hearing. It showed that the defendant had called the jailor to come into the cell block which was a dimly lighted area. When he arrived near the defendant's cell he was struck in the head. He was seized by other inmates and bound, gagged, and placed in the defendant's cell. His keys were taken by the inmates who then secured their release. Although the jailor could not identify who had struck him, the Court found that the defendant had participated in the act. This finding accords with the facts for without the defendant's inducing the jailor to come into the cellblock the attack would not have occurred.

Thus, we find that there was actual violence present in the third felony and the defendant was a party to it. One can hardly envision when contemplating participating in a jail break that it will be accomplished without violence. We deem this act a sufficient basis for meeting our proportionality test. Moreover, even though the record of the two prior felonies does not indicate that they occurred with any actual or threatened violence, nevertheless, the crime of second degree arson to which the defendant entered a guilty plea is a serious offense as illustrated by its statutory definition in *W.Va.Code*, 61–3–2 (1935).[8]

For the foregoing reasons, we conclude that the defendant's conviction as a life recidivist does not violate our proportionality principles. Consequently, we affirm the judgment of the Circuit Court of Braxton County as set out in its order of April 15, 1994.

Affirmed.

BROTHERTON and RECHT, JJ., did not participate.

FOX, Judge, sitting by temporary assignment.

---

8. *W.Va.Code*, 61–3–2 (1935) states:
   Any person who willfully and maliciously sets fire to or burns or causes to be burned, or who aids, counsels or procures the burning of any building or structure of any class or character, whether the property of himself or of another, not included or prescribed in the preceding section [§ 61–3–1], shall be guilty of arson in the second degree, and upon conviction thereof, be sentenced to the penitentiary for not less than one nor more than ten years.