# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

September 3, 2013
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

vs) **No. 13-0171** (Preston County 96-F-14)

**Douglas A. Redleski**
**Defendant Below, Petitioner**

### MEMORANDUM DECISION

Petitioner Douglas A. Redleski's appeal, filed by counsel William L. Pennington, arises from the Circuit Court of Preston County, which denied petitioner's motion to correct his sentence. The circuit court entered this order on December 12, 2012. The State responds, by counsel Laura Young, in support of the circuit court's order. Petitioner argues that his recidivist proceedings were improper.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1996, a jury convicted petitioner on several counts of third degree sexual assault and sexual abuse by a custodian. Following these convictions, the State filed a recidivist information, alleging petitioner's past felony convictions: (1) a 1977 aggravated robbery conviction in Ohio, (2) a 1983 conviction of burglary habitation with intent to commit aggravated assault in Texas, and (3) a 1990 aggravated assault conviction in Ohio. A separate jury convicted petitioner as a recidivist offender and, consequently, the circuit court sentenced petitioner to life in prison, pursuant to West Virginia Code § 61-11-18. Following a hearing on petitioner's motion to correct his sentence pursuant to Rule 35 of the West Virginia Rules of Criminal Procedure, the circuit court denied this motion by order entered in December of 2012. Petitioner's appeal followed.[1]

In reviewing decisions denying motions to correct a sentence, we use the following standard:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review

---

[1]We note that petitioner also appealed a circuit court order denying his fourth petition for post-conviction habeas corpus relief, Case Number 12-0487.

1

the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Petitioner argues that the circuit court had no jurisdiction to impose a life sentence due to errors and defects in the recidivist proceeding. Petitioner asserts that the State did not prove that each offense was committed after each preceding conviction and sentence alleged in the recidivist information. Petitioner highlights that the verdict form did not require the jury to consider whether convictions and sentences of the underlying offenses occurred sequentially. Petitioner also argues that the circuit court erred when it allowed the State to amend the charging recidivist information after the jury returned its verdict. The State's amended information added the 1996 convictions, whereas the original information only contained petitioner's three prior felonies.

Upon our review of the record, we find no abuse of discretion in the circuit court's order denying petitioner's Rule 35 motion. Petitioner argues that the State failed to prove that he was convicted and sentenced to each of his prior felonies sequentially; however, petitioner does not provide any evidence to the contrary. In fact, petitioner states that he does not dispute the circuit court's account of the recidivist proceedings, including the exhibits that were admitted.

With regard to the State's amended information, we find no abuse of discretion or reversible error. Contained in petitioner's appendix is the circuit court's opinion letter denying petitioner post-conviction habeas corpus relief, which states:

Under [West Virginia] *Code* [§] 61-11-19 (1943), a recidivist proceeding does not require proof of the triggering offense because such triggering offense must be proven prior to the invocation of the recidivist proceeding . . . Such recidivist conviction will then be used to enhance the penalty of the underlying triggering conviction.

Syl. Pt. 3, *State v. Wyne*, 194 W.Va. 315, 460 S.E.2d 450 (1995). Petitioner has provided nothing new in his appellate record that would support his arguments herein. As discussed, the State's amended information only added petitioner's 1996 convictions that acted as the trigger for filing the recidivist information. Both of the State's filed information indictments contained the requisite history of petitioner's prior felonies as a basis for prosecuting petitioner as a recidivist offender. Accordingly, the circuit court did not err in denying petitioner's motion to correct his life sentence.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  September 3, 2013


**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II