# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Douglas A. Redleski,**
**Petitioner Below, Petitioner**

**FILED**

September 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 12-0487** (Preston County 10-C-13)

**Marvin Plumley, Warden,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Douglas A. Redleski's appeal, filed by counsel William L. Pennington, arises from the Circuit Court of Preston County, which denied petitioner post-conviction habeas corpus relief by an opinion letter entered on March 19, 2012, and by an order entered on March 20, 2012. Respondent Marvin Plumley, Warden, by counsel Thomas Rodd, filed a response.[1] Petitioner thereafter filed a reply. Petitioner contends that his recidivist proceedings were improper.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1996, a jury convicted petitioner on several counts of third degree sexual assault and sexual abuse by a custodian. Following these convictions, the State filed a recidivist information, alleging petitioner's past felony convictions: (1) a 1977 aggravated robbery conviction in Ohio, (2) a 1983 conviction of burglary habitation with intent to commit aggravated assault in Texas, and (3) a 1990 aggravated assault conviction in Ohio. A separate jury convicted petitioner as a recidivist offender and, consequently, the circuit court sentenced petitioner to life in prison, pursuant to West Virginia Code § 61-11-18. Petitioner thereafter filed three petitions for post-conviction habeas corpus relief, all of which the circuit court denied. Subsequently, petitioner filed the instant petition for post-conviction habeas corpus relief, to which the circuit court denied following an evidentiary hearing. Petitioner now appeals this order denying relief.[2]

---

[1]Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, we have replaced the original respondent's name, Adrian Hoke, with Marvin Plumley, who is the present warden of Huttonsville Correctional Center where petitioner resides.

[2]We note that petitioner has also filed a direct appeal of the circuit court's order denying his motion to correct his life sentence, Case Number 13-0171.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009). The following standard is applied to claims concerning ineffective assistance of counsel:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Petitioner argues that the habeas court erred when it failed to find that petitioner's trial counsel and prior habeas counsel provided ineffective assistance. Petitioner makes three assertions in support of his argument, all of which concern petitioner's recidivist proceedings. First, petitioner asserts that the State did not prove that each offense was committed after each preceding conviction and sentence alleged in the recidivist information. Second, petitioner asserts that the information presented to the recidivist jury was fundamentally defective because it did not allege all of the elements required in recidivist proceedings. Specifically, petitioner raises that the verdict form did not require the jury to consider whether convictions and sentences of the underlying offenses occurred sequentially. Lastly, petitioner asserts that the circuit court allowed the State to amend the charging recidivist information after the jury returned its verdict. The State's amended information added the 1996 convictions, whereas the original information only contained petitioner's three prior felonies.

Upon our review of the record, we find no abuse of discretion in the circuit court's decision to deny post-conviction habeas corpus relief. Petitioner argues that the State failed to prove that he was convicted and sentenced to each of his prior felonies sequentially; however, petitioner does not provide any evidence to the contrary. In fact, petitioner states that he does not dispute the circuit court's account of the recidivist proceedings, including the exhibits that were admitted.[3] With regard to the State's amended information, we find no abuse of discretion or reversible error. As cited, in part, on page twenty-one of the circuit court's opinion letter,

---

[3]Petitioner makes this concession on page eight of his appellate brief. The circuit court's account of petitioner's recidivist proceedings are discussed on pages twenty-three and twenty-four of its opinion letter.

Under [West Virginia] *Code* [§] 61-11-19 (1943), a recidivist proceeding does not require proof of the triggering offense because such triggering offense must be proven prior to the invocation of the recidivist proceeding . . . Such recidivist conviction will then be used to enhance the penalty of the underlying triggering conviction.

Syl. Pt. 3, *State v. Wyne*, 194 W.Va. 315, 460 S.E.2d 450 (1995). As discussed, the State's amended information added only petitioner's 1996 convictions that acted as the trigger for filing the recidivist information. Both of the State's filed information indictments contained the requisite history of petitioner's prior felonies as a basis for prosecuting petitioner as a recidivist offender. Accordingly, the circuit court did not err in finding that petitioner failed to meet both prongs of the aforementioned *Strickland* test for proving ineffective assistance of counsel, and consequently, it did not err in denying petitioner's fourth petition for post-conviction habeas relief. After hearing evidence on this issue, the circuit court found that petitioner failed to show how his proceedings would have had a different result had his third habeas counsel challenged the State's recidivist amended information.

Having reviewed the circuit court's "Opinion Letter" entered on March 19, 2012, and its "Final Order Denying Petitioner's Fourth Petition for Habeas Corpus Relief" entered on March 20, 2012, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's opinion letter and order to this memorandum decision.[4]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 3, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[4] Because the underlying criminal case involves sensitive facts, we have redacted the circuit court opinion letter and order to protect the victim's identification, using only initials to reference her and her family members. *See State v. Edward Charles L.,* 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).