# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 17-0415** (Cabell County 05-F-321)

**Robert L. Newsome,**
**Defendant Below, Petitioner**

**FILED**

**May 18, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robert L. Newsome, pro se, appeals the April 4, 2017, order of the Circuit Court of Cabell County denying his motion for correction of illegal sentence. Respondent State of West Virginia ("the State"), by counsel Scott E. Johnson, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a trial in May of 2006, petitioner was found guilty by a jury of possession with intent to deliver a controlled substance (crack cocaine), delivery of a controlled substance (crack cocaine), and conspiracy. On June 28, 2006, the State filed a recidivist information reciting petitioner's convictions from May of 2016 and charging him with being the same person twice convicted of the following prior felony offenses: possession with intent to distribute cocaine base on June 17, 1992, in the United States District Court of the Southern District of West Virginia, and unlawful wounding on May 26, 1987, in the Circuit Court of Cabell County, West Virginia. Following another trial on September 11, 2006, a separate jury found petitioner was the same person previously convicted of possession with intent to distribute cocaine base and unlawful wounding.

By order entered October 11, 2006, the circuit court imposed a recidivist sentence of a life term of incarceration with the possibility of parole for possession with intent to deliver a controlled

1

substance (crack cocaine),[1] a sentence of one to fifteen years of incarceration for delivery of a controlled substance (crack cocaine), and a sentence of one to five years of incarceration for conspiracy. The circuit court ordered that petitioner's sentences run consecutively.

On March 17, 2017, petitioner filed a motion for correction of illegal sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure. Petitioner argued that his life recidivist sentence was illegal because "the jury impaneled to hear the issue of identity never returned a verdict . . . finding that [petitioner] was the same person [found guilty of] the triggering conviction as required by [West Virginia] Code § 61-11-19." By order entered April 4, 2017, the circuit court denied the motion because there was no "basis to conclude that [petitioner] is serving an [i]llegal [s]entence under Rule 35(a)."

Petitioner now appeals the circuit court's April 4, 2017, order denying his motion for correction of illegal sentence. Rule 35(a) provides, in pertinent part, that "[t]he court may correct an illegal sentence at any time[.]" In syllabus point 1 of *State v. Marcum*, 238 W.Va. 26, 792 S.E.2d 37 (2016), we set forth the pertinent standard of review:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

On appeal, petitioner argues that West Virginia Code § 61-11-19 requires that the jury impaneled to hear the issue of identity following the filing of a recidivist information must find that the defendant was the same person found guilty of the "triggering conviction" that caused the recidivist information to be filed. The State counters that petitioner's argument is wholly without merit pursuant to syllabus point 3 of *State v. Wyne*, 194 W.Va. 315, 460 S.E.2d 450 (1995), where we held that, "[u]nder [West Virginia Code §] 61-11-19 (1943)[,] a recidivist proceeding does not require proof of the triggering offense because such triggering offense must be proven prior to the invocation of the recidivist proceeding." We agree with the State that syllabus point 3 of *Wyne* is dispositive of this case. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's motion for correction of illegal sentence.

For the foregoing reasons, we affirm the circuit court's April 4, 2017, order denying petitioner's motion for illegal correction of sentence.

---

[1]West Virginia Code § 61-11-18(c) provides that "[w]hen it is determined, as provided in section nineteen of this article [West Virginia Code § 61-11-19], that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the state correctional facility for life."

Affirmed.

**ISSUED**:   May 18, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker