# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Ralph Terry, Superintendent,**
**Mount Olive Correctional Complex,**
**Respondent Below, Petitioner**

**vs)  No. 17-0788**  (Ritchie County 12-P-8)

**J.D. Lambert,**
**Petitioner Below, Respondent**

**FILED**

**October 10, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ralph Terry, Superintendent, Mount Olive Correctional Complex,[1] by counsel Scott E. Johnson, appeals the Circuit Court of Ritchie County's "Final Order Granting Writ of Habeas Corpus" entered on August 3, 2017. Respondent J.D. Lambert, by counsel Paul V. Morrison, II filed a response in support of the circuit court's order and also raised two cross-assignments of error. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The relevant facts are not in dispute. In May of 2009, respondent was charged with misdemeanor domestic battery.[2] On November 12, 2009, the State dismissed the charge, without

---

[1]Effective July 1, 2018, the positions formerly designated as "wardens" are now "superintendents." *See* W.Va. Code § 15A-5-3. At the time of the filing of this appeal, David Ballard was then warden at Mount Olive Correctional Complex and, as such, was originally listed as the respondent below. However, the acting warden, now superintendent, is Ralph Terry. Accordingly, the Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

[2]The victim was respondent's then-girlfriend. The pair became engaged in a verbal altercation over drugs that eventually turned physical, at which time respondent hit and kicked the victim. The victim sustained bruises and abrasions for which she did not seek medical treatment. The victim's mother contacted law enforcement the following day and respondent was charged with domestic battery.

prejudice, and subsequently presented the case to the Ritchie County Grand Jury. On January 25, 2009, respondent was indicted for the felony offense of malicious wounding. He was ultimately convicted of the lesser included offense of unlawful wounding, also a felony.

Following his conviction, the State filed a recidivist information against respondent alleging that he was previously convicted of the felonies of grand larceny and attempting to operate a clandestine drug laboratory.[3] A jury found respondent guilty under the recidivist statute on December 10, 2010, and he was thereafter sentenced to life in prison, with mercy.

Respondent's appeal of his recidivist sentence was denied by this Court in *State v. Lambert*, No. 11-0988, 2012 WL 2946795 (W.Va. Mar. 9, 2012) (memorandum decision).

On October 3, 2014, respondent filed a petition for a writ of habeas corpus in which he argued that his life sentence as a recidivist violates the proportionality principles under the West Virginia Constitution and that he was denied effective assistance of counsel at trial, at sentencing, and on appeal. Following a May 20, 2016, omnibus hearing, the habeas court granted respondent's request for habeas relief on the ground that the life sentence violated constitutional proportionality principles because the predicate felonies did not involve "any actual violence or threats of violence during either prior crime" and because the maximum penalty prescribed by law for the triggering offense (unlawful wounding), "independent of the recidivist statute, would result in a maximum sentence of five years." The court refused respondent's request for habeas relief with regard to the ineffective assistance of counsel claims.[4] This appeal followed.[5]

Our review of the circuit court's order granting respondent's petition for a writ of habeas corpus is governed by the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and

---

[3]The information also alleged that respondent was previously convicted of possession with intent to deliver a controlled substance (marijuana).

[4]The habeas court set aside respondent's life sentence and remanded him for sentencing on the unlawful wounding conviction.

[5]Respondent filed a motion to dismiss the appeal pursuant to Rule 27(b) of the West Virginia Rules of Appellate Procedure on the ground that the West Virginia Attorney General lacks standing to summarily file a notice of appeal without the approval of the special prosecuting attorney who prosecuted this case and who expressly advised respondent and the habeas judge that the State would not appeal the habeas order. In response to respondent's motion, petitioner represented that the current prosecuting attorney supports the appeal in this case and that the Attorney General has standing to appeal under West Virginia Code §§ 5-3-2 and 7-4-1(a). By order entered on November 14, 2017, this Court denied respondent's motion.

questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W. Va. 375, 701 S.E.2d 97 (2009).

West Virginia Code § 61-11-18(c) authorizes the imposition of a life sentence "[w]hen it is determined . . . that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary . . . ." However, this Court has long recognized that a life sentence imposed under this statute is appropriate only when it does not run afoul of our constitutional proportionality principle.

> "Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'" Syl. Pt. 8, *State v. Vance,* 164 W.Va. 216, 262 S.E.2d 423 (1980).

Syl. Pt. 1, *State v. Housden*, 184 W. Va. 171, 399 S.E.2d 882 (1990). This Court has also explained that there are "specific guidelines for analyzing a life recidivist sentence under the proportionality doctrine. . . . [S]uch a punishment 'must be viewed from two distinct vantage points: first, the nature of the third offense and, second, the nature of the other convictions that support the recidivist sentence.'" *Id.* at 174, 399 S.E.2d at 885 (quoting *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 533-34, 276 S.E.2d 205, 212 (1981)). As we held in syllabus point two of *Housden*, 184 W. Va. at 172, 399 S.E.2d at 883,

> "[t]he appropriateness of a life recidivist sentence under our constitutional proportionality provision found in Article III, Section 5, will be analyzed as follows: We give initial emphasis to the nature of the final offense which triggers the recidivist life sentence, although consideration is also given to other underlying convictions. *The primary analysis of these offenses is to determine if they involve actual or threatened violence to the person since crimes of this nature have traditionally carried the more serious penalties and therefore justify application of the recidivist statute*." Syl. Pt. 7, *State v. Beck,* 167 W.Va. 830, 286 S.E.2d 234 (1981).

(Emphasis added).

In this case, the habeas court found, and the parties agree, that unlawful wounding, the offense for which respondent was most recently convicted and which triggered the filing of the recidivist information, was violent in nature. The evidence showed that respondent hit and kicked the victim, causing her to sustain bruises and abrasions. The habeas court also considered the two predicate felonies of grand larceny and attempting to operate a clandestine meth lab, noting that courts "'generally require that the nature of the prior felonies be closely examined'" and that "'the propensity for violence is an important factor to be considered before applying the recidivist statute.' *State v. Miller*, 184 W.Va. 462, 400 S.E.2d 897 (1990)." *See State v Kilmer*, 240 W. Va. 185, __, 808 S.E.2d 867, 870 (2017) (stating that this Court has "emphasized that

3

ignoring the gravity of the underlying offenses in the context of an analysis of the proportionality clause 'would ignore the rationality of our criminal justice system where penalties are set according to the severity of the offense.'"). On appeal, petitioner argues that the circuit court erred in determining that grand larceny and attempting to operate a clandestine meth lab are not violent or potentially violent felonies justifying the imposition of a recidivist life sentence. According to petitioner, this Court has previously determined that grand larceny, by its very nature, involves the threat of harm or violence to an innocent person and, as such, qualifies as a predicate offense for recidivist purposes. Similarly, petitioner argues, attempting to operate a clandestine meth lab poses an inherent and distinct danger to the public, *see U.S. v. Frost*, 195 F. App'x 156, 158 (4th Cir. 2006) (citing cases relating the hazards and health risks presented by the manufacturing of methamphetamine), and, thus, justifies the application of the recidivist statute.

We find no error. As a threshold matter, the habeas court did not conclude, as petitioner claims, that "grand larceny is not a violent offense" or "that the crime of attempting to operate a clandestine meth drug lab is not a crime of violence." More accurately, the habeas court considered whether respondent's convictions of these crimes demonstrated that he had a propensity for violence. Critically, other than testimony that respondent's grand larceny conviction stemmed from his stealing of tools from an unoccupied construction site at night, the record was devoid of evidence as to whether respondent's commission of the prior crimes was violent in nature or in actuality.[6] The habeas court found that "[respondent] contends that these were nonviolent crimes and the record is totally silent regarding any actual violence or threats of violence during either prior crime. As such, [respondent's] final conviction for <u>unlawful wounding</u> was the only violent crime." (Emphasis in original). The court thus found that imposing a recidivist life sentence in this particular case violated the proportionality principle because the underlying felonies were not violent and the unlawful wounding conviction, "independent of the recidivist statute, would [have] result[ed] in a maximum sentence of five years."[7] Petitioner fails to address these findings, which we find are not clearly wrong. *See*

---

[6]At the habeas hearing, respondent's trial counsel testified that she was "not aware of any violence associated" with the grand larceny conviction; regarding the conviction of attempting to operate a clandestine meth lab, trial counsel testified that there was no trial testimony regarding whether the crime was violent in nature or whether there was any violence associated with it.

[7]*See State v. Davis*, 189 W. Va. 59, 62, 427 S.E.2d 754, 757 (1993) (finding that, regarding the predicate felony of grand larceny by receiving stolen property conviction, "there was no indication that the defendant used or threatened to use violence" and the other predicate crime, breaking and entering of a business at night, like the triggering felony, occurred in a building that was closed and where no one other than the defendant was present. "There is no evidence that any individual was either harmed or threatened with harm."); *State v. Miller*, 184 W. Va. 462, 465-66, 400 S.E.2d 897, 900-01 (1990) (finding that because the underlying felonies of breaking and entering, forgery and uttering, and false pretenses "were all of a non-violent nature" and "the maximum penalty for the triggering felony [malicious assault] is itself only ten years, we do not believe that the application of the recidivist statute so as to result in a life sentence is justified in this case.").

*Franklin*, 226 W. Va. at 376, 701 S.E.2d at 98, syl. pt. 1, in part (stating that "the underlying factual findings [of a habeas order are reviewed] under a clearly erroneous standard").

Based upon the all of the above, we find no error in the habeas court's conclusion that one conviction of a violent crime is not indicative of a lifetime propensity towards violence, and, further, that, given the absence of any evidence regarding the predicate felonies, the application of the recidivist statute to this case "resulted i[n] a harsh and disproportionate punishment" and violated the West Virginia Constitution's proportionality principal.[8]

For the foregoing reasons, we affirm.[9]

Affirmed.

**ISSUED:** October 10, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.

---

[8]Petitioner also argues that the habeas court erred in concluding that respondent's conviction of a lesser included offense cannot be a proper triggering felony for recidivist sentencing purposes. Specifically, petitioner points to that portion of the habeas order in which the court stated, "[m]oreover, as there was no valid conviction for the [crime for] which the [Respondent] was indicted, the circuit court was without authority to impose the life imprisonment under our recidivist statute." (Emphasis in original). Petitioner argues that neither our case law nor the language of the recidivist statute supports such a conclusion and, as such, the court erred in granting habeas relief. As discussed above, a fair reading of the habeas order makes clear that the primary ground upon which the court awarded habeas relief was that the imposition of a life sentence in this case violated the proportionality principle because the predicate felonies were not shown to be violent in nature and the maximum sentence for the triggering felony (unlawful wounding) was only five years.

[9]In light of our holding that the habeas court did not err in granting respondent's petition for a writ of habeas corpus, we need not address respondent's cross-assignments of error in which he argues that he received ineffective assistance of counsel at trial, at sentencing, and on appeal.

5