# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Douglas A. Redleski,**
**Petitioner Below, Petitioner**

**FILED**

September 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 12-0487** (Preston County 10-C-13)

**Marvin Plumley, Warden,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Douglas A. Redleski's appeal, filed by counsel William L. Pennington, arises from the Circuit Court of Preston County, which denied petitioner post-conviction habeas corpus relief by an opinion letter entered on March 19, 2012, and by an order entered on March 20, 2012. Respondent Marvin Plumley, Warden, by counsel Thomas Rodd, filed a response.[1] Petitioner thereafter filed a reply. Petitioner contends that his recidivist proceedings were improper.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1996, a jury convicted petitioner on several counts of third degree sexual assault and sexual abuse by a custodian. Following these convictions, the State filed a recidivist information, alleging petitioner's past felony convictions: (1) a 1977 aggravated robbery conviction in Ohio, (2) a 1983 conviction of burglary habitation with intent to commit aggravated assault in Texas, and (3) a 1990 aggravated assault conviction in Ohio. A separate jury convicted petitioner as a recidivist offender and, consequently, the circuit court sentenced petitioner to life in prison, pursuant to West Virginia Code § 61-11-18. Petitioner thereafter filed three petitions for post-conviction habeas corpus relief, all of which the circuit court denied. Subsequently, petitioner filed the instant petition for post-conviction habeas corpus relief, to which the circuit court denied following an evidentiary hearing. Petitioner now appeals this order denying relief.[2]

---

[1]Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, we have replaced the original respondent's name, Adrian Hoke, with Marvin Plumley, who is the present warden of Huttonsville Correctional Center where petitioner resides.

[2]We note that petitioner has also filed a direct appeal of the circuit court's order denying his motion to correct his life sentence, Case Number 13-0171.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009). The following standard is applied to claims concerning ineffective assistance of counsel:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Petitioner argues that the habeas court erred when it failed to find that petitioner's trial counsel and prior habeas counsel provided ineffective assistance. Petitioner makes three assertions in support of his argument, all of which concern petitioner's recidivist proceedings. First, petitioner asserts that the State did not prove that each offense was committed after each preceding conviction and sentence alleged in the recidivist information. Second, petitioner asserts that the information presented to the recidivist jury was fundamentally defective because it did not allege all of the elements required in recidivist proceedings. Specifically, petitioner raises that the verdict form did not require the jury to consider whether convictions and sentences of the underlying offenses occurred sequentially. Lastly, petitioner asserts that the circuit court allowed the State to amend the charging recidivist information after the jury returned its verdict. The State's amended information added the 1996 convictions, whereas the original information only contained petitioner's three prior felonies.

Upon our review of the record, we find no abuse of discretion in the circuit court's decision to deny post-conviction habeas corpus relief. Petitioner argues that the State failed to prove that he was convicted and sentenced to each of his prior felonies sequentially; however, petitioner does not provide any evidence to the contrary. In fact, petitioner states that he does not dispute the circuit court's account of the recidivist proceedings, including the exhibits that were admitted.[3] With regard to the State's amended information, we find no abuse of discretion or reversible error. As cited, in part, on page twenty-one of the circuit court's opinion letter,

---

[3]Petitioner makes this concession on page eight of his appellate brief. The circuit court's account of petitioner's recidivist proceedings are discussed on pages twenty-three and twenty-four of its opinion letter.

Under [West Virginia] *Code* [§] 61-11-19 (1943), a recidivist proceeding does not require proof of the triggering offense because such triggering offense must be proven prior to the invocation of the recidivist proceeding . . . Such recidivist conviction will then be used to enhance the penalty of the underlying triggering conviction.

Syl. Pt. 3, *State v. Wyne*, 194 W.Va. 315, 460 S.E.2d 450 (1995). As discussed, the State's amended information added only petitioner's 1996 convictions that acted as the trigger for filing the recidivist information. Both of the State's filed information indictments contained the requisite history of petitioner's prior felonies as a basis for prosecuting petitioner as a recidivist offender. Accordingly, the circuit court did not err in finding that petitioner failed to meet both prongs of the aforementioned *Strickland* test for proving ineffective assistance of counsel, and consequently, it did not err in denying petitioner's fourth petition for post-conviction habeas relief. After hearing evidence on this issue, the circuit court found that petitioner failed to show how his proceedings would have had a different result had his third habeas counsel challenged the State's recidivist amended information.

Having reviewed the circuit court's "Opinion Letter" entered on March 19, 2012, and its "Final Order Denying Petitioner's Fourth Petition for Habeas Corpus Relief" entered on March 20, 2012, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's opinion letter and order to this memorandum decision.[4]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 3, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[4] Because the underlying criminal case involves sensitive facts, we have redacted the circuit court opinion letter and order to protect the victim's identification, using only initials to reference her and her family members. *See State v. Edward Charles L.,* 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

## EIGHTEENTH JUDICIAL CIRCUIT
### STATE OF WEST VIRGINIA
### PRESTON COUNTY COURTHOUSE



LAWRANCE S MILLER, JR.
JUDGE

101 WEST MAIN STREET, ROOM 303
KINGWOOD, WV 26537
TELEPHONE (304) 329-0066
FAX (304) 329-4538

March 19, 2012

C Matt Rollins, Esquire
235 High Street, Suite 406
Morgantown, West Virginia 26505

Peter D. Dinardi, Esquire
198 Spruce Street
Morgantown, West Virginia 26505

William Mont Miller, Esquire
215 1st Street, Suite 4
Parsons, West Virginia 26287

RE. State of West Virginia ex rel. Douglas A. Redleski v Adrian Hoke, Warden, Civil Action No. 10-C-13

## OPINION LETTER

Dear Counselors:

On February 15, 2012, the Court held an omnibus hearing on the Petitioner's fourth Petition for Writ of Habeas Corpus. The Court thereupon took the matter under advisement and requested the parties submit legal memoranda by March 9, 2012. The Court, for the reasons hereinafter set forth, denies the instant petition.

### Procedural History

#### A. Underlying Felony Trial

The Petitioner, Douglas Andrew Redleski, was indicted in the March 1996 Term of Court on fifteen (15) counts in Felony No. 96-F-14. Counts One (1) through Eight (8) charged Petitioner with *Third Degree Sexual Assault* against V    B         [who was alleged to be less than sixteen (16) years of age at the time of the crimes' commission] in violation of West Virginia Code § 61-8B-5. Count Nine (9) charged the Petitioner with *Second Degree Sexual*

1

*Assault* against V___ B___, in violation of West Virginia Code § 61-8B-4. The indictment did not contain a Count Ten (10). Counts Eleven (11) through Fourteen (14) charged the Petitioner with *Sexual Abuse by a Caretaker* against V___ B___, in violation of West Virginia Code § 61-8D-5. Count Fifteen (15) charged the Petitioner with *Third Offense Driving Under the Influence of Alcohol*, in violation of West Virginia Code § 17C-5-2. Finally, Count Sixteen (16) of the indictment charged the Petitioner with *Third Offense Driving While License Revoked for Driving Under the Influence of Alcohol*, in violation of West Virginia Code § 17B-4-3(b). Attorney Edmund J. Rollo was appointed to represent the Petitioner.

The motor vehicle charges were severed and subsequently dismissed by the State's Motion on December 31, 1996, along with a misdemeanor charge of possession of a firearm by a convicted felon. *See infra.*

On July 11, 1996, the Petitioner was convicted by a Preston County jury, of eight (8) counts of Third Degree Sexual Assault [W.Va. Code § 61-8B-5] and four (4) counts of Sexual Abuse by a Custodian [W.Va. Code § 61-8D-5]. The jury found Petitioner *not guilty* on one (1) count of Second Degree Sexual Assault [W.Va Code § 61-8B-4].

Thereafter, on or about July 24, 2002, trial counsel filed a written Motion for Post-Verdict Judgment of Acquittal and a Motion for New Trial. An Amended Motion for New Trial was filed on August 9, 1996. On or about August 13, 1996, the Petitioner's trial counsel filed a "Motion to Recall the Trial Judge, Judge Nuzum, to Hear All Post-Verdict Motions and, if necessary, to Conduct the Sentencing Proceedings, or, in the Alternative, Motion for New Trial," which Motion was denied.

On or about August 20, 1996, the Prosecuting Attorney, Virginia Jackson Hopkins, filed an information (labeled 96-F-49, but later moved to and incorporated as part of Petitioner's underlying felony file in 96-F-14) seeking a life sentence as Punishment for Third Offense Felony under West Virginia Code § 61-11-18 (better known as the "Three Strikes" law).

On or about September 16, 1996, a jury convened under the same felony case number (96-F-14) found that the Petitioner had been previously convicted of three (3) felony offenses - two (2) in the State of Ohio and one (1) in the State of Texas.[1] Thereafter, on or about September 25, 1996, the State filed an Amended Information[2] under West Virginia Code § 61-11-18 requesting an enhanced life sentence for the Petitioner.

The Court (Judge Halbritter) sentenced the Petitioner on September 26, 1996, as follows.

---

[1] Aggravated robbery, Court of Common Pleas, Stark County, Ohio – 1977, Burglary of habitation with intent to commit aggravated assault, District Court of Chambers County, Texas – 1983, Aggravated assault, Court of Common Pleas, Stark County, Ohio – 1990

[2] Although styled as an "Amended Information," in actuality this document is a statement of the triggering offense the state contended should be enhanced

2

(1) Imprisonment for the remainder of the Petitioner's natural life upon his conviction of Third Degree Sexual Assault as charged in Count One of the Indictment and three (3) prior felony convictions;

(2) One (1) to five (5) years upon each of his convictions for Third Degree Sexual Assault as charged in Counts Two (2), Three (3), Four (4), Five (5), Six (6), Seven (7) and Eight (8) of the Indictment; said sentences to run concurrently with each other and consecutively to the sentence imposed in Count One (1);

(3) Five (5) to fifteen (15) years upon his conviction of Sexual Abuse by a Custodian contained in Count Eleven (11) of the Indictment, to run consecutively with the sentence imposed in the second count of the Indictment;

(4) Five (5) to fifteen (15) years upon his convictions for Sexual Abuse by a Custodian contained in Count Twelve (12), Count Thirteen (13) and Count Fourteen (14) of the Indictment, to run concurrently with each other and consecutively with the sentence imposed in Count Eleven (11).

On or about September 30, 1996, the Petitioner was provided with Notice of Sexual Offender Registration Requirements.

The Petitioner, by trial counsel, Edmund J Rollo, filed his Notice of Intent to Appeal along with a Motion to Prepare Transcript on October 16, 1996. Mr Rollo subsequently filed, on Petitioner's behalf, a Designation of Record on or about November 19, 1996.

An Order dismissing the remaining motor vehicle charges in the Indictment was entered on December 31, 1996. On or about January 22, 1997, Mr. Rollo filed a Motion for Extension of Time within which to file the Petitioner's appeal, which motion was granted by Order entered the same date.

Petitioner thereafter appealed his conviction to the West Virginia Supreme Court of Appeals. On or about June 24, 1997, the Supreme Court issued an Order where it refused Mr. Redleski's Petition for Appeal.

B. First Habeas

The Petitioner filed a Petition for Writ of Habeas Corpus on August 5, 1997, in Fayette County, West Virginia, which Petition was transferred to this Court by Order entered October 10, 1997, and the case was denoted as Civil Action No. 97-C-130 (the first habeas). Attorney Natalie J. Sal was appointed to represent the Petitioner on said Petition.

3

In connection with the first habeas petition, the Petitioner completed and signed a Checklist of Grounds for Post Conviction Habeas Corpus Relief in Civil Action No. 97-C-130, pursuant to Losh v. McKenzie,[3] in which he alleged the following fourteen (14) grounds for relief:

1. Consecutive sentences for same transaction;
2. Coerced confessions;
3. Suppression of helpful evidence by prosecutor;
4. State's knowing use of perjured testimony;
5. Ineffective assistance of counsel;
6. Irregularities in arrest;
7. Defects in indictment;
8. Constitutional errors in evidentiary rulings;
9. Instructions to the jury;
10. Claims of prejudicial statements by prosecutor;
11. Sufficiency of evidence;
12. Defendant's absence from part of the proceedings;
13. Severer sentence than expected; and
14. Excessive sentence.

The Checklist contains the following Certificate of Petitioner, which Certification was executed by the Petitioner:

> My attorney has advised me that I should raise each and every ground which I feel may entitle me to habeas corpus relief. She has further advised me that any grounds not so raised are waived by me and may not ever be raised in state court. I do not wish to raise any of the grounds initialed above and knowingly waive them.

After a full evidentiary hearing held on August 31, 1998, Judge Neil A. Reed denied the Petitioner's Petition in the first habeas, Civil Action No. 97-C-130, by Opinion Letter filed October 13, 1998. On November 12, 1998, Attorney Sal filed a Notice of Intent to Appeal Judge Reed's ruling on behalf of the Petitioner.

Petitioner appealed the Circuit Court's denial of the first habeas to the West Virginia Supreme Court of Appeals. Thereafter, on or about April 22, 1999, the West Virginia Supreme Court of Appeals refused the Petitioner's Petition for Appeal.

## C. Second Habeas

On or about March 23, 2001, the Petitioner filed a second Petition for Writ of Habeas Corpus with this Court denoted as Civil Action No. 01-C-36 (the second habeas).

---

[1] 166 W Va 762, 277 S E 2d 606 (1981)

4

Attorney Melissa Giggenbach was appointed to represent the Petitioner. On June 25, 2001, the Petitioner's Losh v. McKenzie Checklist was filed alleging the following thirteen (13) grounds:

1. Consecutive sentences for same transaction;
2. Coerced confessions;
3. Suppression of helpful evidence by prosecutor;
4. State's knowing use of perjured testimony;
5. Falsification of a transcript by prosecutor;
6. Irregularities in arrest;
7. Defects in indictment;
8. Constitutional errors in evidentiary rulings;
9. Instructions to the jury;
10. Claims of prejudicial statements by prosecutor;
11. Sufficiency of evidence;
12. Defendant's absence from part of the proceedings; and
13. Excessive sentence.

Again, as with the first habeas in this Court, Petitioner's June 25, 2001 Checklist contains the following Certificate of Petitioner, which Certification was executed by the Petitioner:

My attorney has advised me that I should raise each and every ground which I feel may entitle me to habeas corpus relief. He [sic] has further advised me that any grounds not so raised are waived by me and may not ever be raised in state court. I do not wish to raise any of the grounds initialed above and knowingly waive them.

Along with the Checklist Ms. Giggenbach filed on Petitioner's behalf, a Memorandum of Law in Support of the Petitioner's Petition for Writ of Habeas Corpus was filed on June 25, 2001. This Memorandum summarized the Petitioner's contentions into three (3) areas: 1) ineffective assistance of habeas counsel; 2) violation of Petitioner's due process rights for improper witness sequestration; and 3) decisions by habeas court were clearly wrong.

Thereafter, on or about July 27, 2001, the State filed its Motion to Strike and Dismiss Petitioner's Second Post-Conviction Petition for Habeas Corpus Relief. Petitioner's Response to the State's Motion to Strike was filed on August 7, 2001. On or about September 6, 2001, the State filed a Note of Argument and Authorities in Support of [Its] Motion to Strike and Dismiss [Petitioner's] Petition for a Writ of Habeas Corpus.

A hearing on the State's Motion To Strike and Dismiss was held on December 7, 2001. By Order entered December 12, 2001, the State's Motion to Strike and Dismiss was granted as to all of the Petitioner's alleged grounds except for one (1): ineffective assistance of habeas counsel in the first habeas.

5

The Petitioner filed a Notice of Specific Argument for Ineffective Assistance of Habeas Counsel for Omnibus Habeas Hearing on April 1, 2002. The instances of ineffective assistance alleged in this notice were:

1. Habeas counsel failed to allege in the Petitioner's original habeas petition trial counsel's failure to timely object to numerous and prejudicial references to the Petitioner's prior criminal record.

2. Habeas counsel failed to allege in the Petitioner's original habeas petition trial counsel's failure to adequately inform the Petitioner of the existence of the recidivist statute.

3. Habeas counsel failed to allege in the Petitioner's original habeas petition trial counsel's failure to object to numerous irrelevant and prejudicial threats allegedly made by the Petitioner toward others introduced at trial.

4. Habeas counsel failed to allege in the Petitioner's original habeas petition trial counsel's failure to timely object to references to a confession given by the Petitioner

5. Habeas counsel failed to allege in the Petitioner's original habeas petition trial counsel's failure to object to impermissible identical counts in the indictment which led to incorrect multiple convictions against the Petitioner pursuant to U.S. v. Gallo, 846 F.2d 74, 1988 WL 46293 (4th Cir) (W.Va.) (unpublished opinion) (per curi[a]m). Habeas counsel also failed to raise this issue herself.

An omnibus evidentiary hearing was held before the Circuit Court of Preston County in the instant case on the issue of ineffective assistance of the Petitioner's first habeas counsel on April 12, 2002; June 24, 2002; December 18, 2002; and March 6, 2003. The Petitioner, Douglas A. Redleski, was present at each hearing, in person and by counsel.[4] The Respondent was present at each hearing by counsel.

On April 12, 2002, the following witnesses testified in the Petitioner's case in chief: Douglas A. Redleski, Tina Rinehart, Vicky Redleski, and Attorney Natalie J. Sal (Petitioner's first habeas counsel). The Petitioner's expert witness, Attorney Stephen D. Herndon, was not available to testify and the Court granted Petitioner's request to allow Mr. Herndon to testify on another date. The Respondent presented the testimony of Attorney Virginia Hopkins, (Prosecuting Attorney at Petitioner's trial).

On June 24, 2002, the Petitioner presented testimony of his expert witness, Attorney Stephen Herndon. Following Mr. Herndon's testimony, the Petitioner rested his case in chief.

---

[4] Attorney Gail M Voorhees of the Preston County Public Defender's Office assumed representation of Petitioner from Melissa Giggenbach when Ms Giggenbach left her employment with the Public Defender's Office

On December 18, 2002, the Respondent presented the testimony of the following witnesses: Betsy Castle, Circuit Clerk,[5] and Attorney Scott Reynolds, the Respondent's expert witness. The Respondent thereupon rested its case in chief.

On March 6, 2003, the Petitioner moved to amend his Petition to assert seven (7) additional grounds. After hearing argument, the Court denied the Motion to Amend for the reason that the motion was not timely made, the grounds alleged were previously raised in the first habeas (Civil Action No. 97-C-130) and for the reasons stated on the record by the Court which are hereby incorporated by reference. The Petitioner thereupon presented the rebuttal testimony of his expert witness, Stephen D. Herndon, and following that, the Petitioner rested. The Respondent did not offer rebuttal evidence. The Court, thereupon, requested that the Petitioner and Respondent submit to the Court by April 4, 2003, their respective proposed findings of fact and conclusions of law, and the Court took the matter under advisement. The Court also took under advisement an oral motion of the Petitioner that the Court report to the Office of Disciplinary Counsel the conduct of former Prosecuting Attorney Hopkins, based upon the testimony of Tina Rinehart and Vicky Redleski.

By Opinion Letter dated April 24, 2003, the Court denied the Petitioner's second habeas. On May 15, 2003, the Petitioner filed his Notice of Intent to Appeal, Designation of Record, and Request for all Hearing Transcripts to be Made Part of Court File. The transcript for the hearings on December 7, 2001 and June 24, 2002, were filed on June 17, 2003. The Petitioner filed a Motion for Extension of Time to File Petition for Appeal on July 31, 2003, and an Agreed Order Extending Time to File Petition for Appeal was filed on July 31, 2003. The West Virginia Supreme Court of Appeals received the Petitioner's appeal on November 3, 2003. On March 4, 2004, the West Virginia Supreme Court of Appeals refused the Petitioner's Petition for Appeal

## D. Third Habeas

On or about November 30, 2004, the Petitioner filed a third petition for Writ of Habeas Corpus with this Court denoted as Civil Action No. 04-C-206 (the third habeas). The Petitioner also filed a Motion to Disqualify Judge Miller from presiding over the instant Petition. On or about December 6, 2004, Judge Miller transmitted the Petitioner's motion to Justice Elliott Maynard, then Chief Justice of the West Virginia Supreme Court of Appeals, pursuant to Rule 17.01 of the West Virginia Trial Court Rules. Judge Miller agreed to voluntary recusal, however, Chief Justice Maynard, by Administrative Order dated November 9, 2004, determined that the evidence set out in support of the disqualification motion was insufficient and directed that Judge Miller continue to preside in the instant Petition.

By order entered December 27, 2004, the Circuit Court summarily dismissed the instant Petition on all grounds except Ineffective Assistance of Second Habeas Corpus counsel for the reasons set forth in said written opinion, which are hereby incorporated by reference. The Court also appointed counsel for the Petitioner to represent him in connection with the instant Petition.

---

[5] Ms Castle was called for the purpose of testifying as to the authenticity of records The Court, thereupon, without objection, took judicial notice of the entire underlying felony file, Felony 96-F-14

7

On or about June 21, 2005, the Court granted the Petitioner's request for new counsel and appointed David M. Grunau to represent the Petitioner in the instant Petition. On or about January 17, 2006, the Petitioner, by counsel, filed an Amended Third Petition for Writ of Habeas Corpus and accompanying Memorandum of Law. On January 30, 2006, the Petitioner, by counsel, filed a Supplemental Memorandum of Law in support of the instant Petition. The Respondent filed his response to the Petitioner's Amended Third Petition and Memorandum of Law on or about February 8, 2006.

The third habeas alleged the second habeas counsel was ineffective based upon the following grounds:

a. Stephen Herndon, an expert retained by second habeas counsel to opine regarding the performance of Petitioner's first habeas counsel, was allowed by second habeas counsel to rely upon U.S. v. Gallo, 846 F.2d 74, 1988 WL 46293 (4th Cir. W.Va.), an unpublished and therefore disfavored opinion, in addressing the defective indictment in the underlying felony case. Second habeas counsel should have known better than to cite a disfavored opinion and should have relied instead upon the United States Supreme Court's Blockburger decision which is, and at all times relevant was, the undisputed law of the land and which invalidates the indictment as violating Double Jeopardy principles set forth in the Fifth Amendment to the United States Constitution. Importantly, this Court specifically referred to Gallo's disfavored status in rejecting the argument of second habeas counsel and their expert Herndon.

b. Second habeas counsel never challenged first habeas counsel's failure to challenge trial counsel's failure to seek severance of the eight third degree sexual assault charges from the four counts of sexual abuse by a caretaker. This allowed the jury to confuse the two charges and find the Petitioner guilty of a crime of which they otherwise would have acquitted him.

c. Second habeas counsel never challenged first habeas counsel's failure to challenge trial counsel's failure to seek to have the indictment dismissed based upon Prosecutor Virginia Jackson Hopkins's purposeful and illegal tactics of giving legal instruction to Grand Jurors, and also exerting undue and improper influence over the Grand Jury by representing that the parents of the alleged victim were being investigated and prosecuted.

d. Second habeas counsel failed to challenge the Trial Court's imposition of a life sentence based upon the Recidivist Statute which was improperly applied because the felonies triggering the Recidivist Statute were consensual in nature and not violent as required by law   Although the first habeas counsel broached the subject briefly in the first habeas petition, Judge Reed did not specifically address the issue, instead perfunctorily stating that the sentence

8

was not excessive. The issue was, therefore, not *res judicata*, and should have been raised by second habeas counsel.

e. Second habeas counsel never challenged first habeas counsel's failure to challenge trial counsel's failure to individually voir dire jurors with ties to the police or prosecution, to the Petitioner's prejudice.

f. First habeas counsel's failure to challenge trial counsel's failure to object to the non-sequestration of witnesses; no previous Court or Judge has specifically passed upon the issue; the presence of a uniformed police officer at the prosecution's table gave the prosecution an appearance of authority not allowed under the law, to the irreversible detriment of the Petitioner, and first habeas counsel never mentioned it. Moreover, not sequestering the officer skewed the officer's testimony and caused it to conform to other testimony offered in his presence.

g. Second habeas counsel never challenged first habeas counsel's failure to challenge trial counsel's failure to attack the invalid information submitted by the Prosecutor regarding the Recidivist Statute; this information was amended the day before sentencing and well after the verdict, and as such violates Rule 7(e) of the West Virginia Rules of Criminal Procedure, which requires such amendment occur, if at all, before the verdict.

h. Second habeas counsel failed to raise first habeas counsel's failure to raise trial counsel's failure to object with specificity to the hearsay testimony of M. P as to statements allegedly made by V B , which testimony was barred by State v. Murray, 375 S.E.2d 405 (W.Va. 1988).

i. Second habeas counsel failed to subpoena, call, and question M S , III, who could have testified as to the State's knowing use of perjured testimony.

j. Second habeas counsel failed to raise first habeas counsel's failure to raise trial counsel's failure to object to the rebuttal testimony of T B and R B , Jr., who were not on the State's witness list and who were therefore surprise witnesses in violation of Brady v. Maryland, 373 U.S. 83, 10 L.Ed.2d 215; 83 S.Ct. 1194 (1963), which held that a defendant's constitutional due process rights are violated where the State suppresses evidence material to the issue of guilt or innocence.

k. Second habeas counsel failed to raise first habeas counsel's impermissible ex parte communication with the Court and the Preston County Prosecuting Attorney.

9

1. Second habeas counsel and all previous habeas and trial counsel failed to raise the improper definitional reasonable doubt instruction used by the jury to convict the defendant.

On or about October 27, 2006, the Court conducted an Omnibus Hearing on the Petitioner's claim of Ineffective Assistance of Second Habeas Counsel. The Petitioner, Douglas A. Redleski was present, in person and by counsel, David Grunau, at said hearing. The Respondent appeared by Ronald Reece, Assistant Prosecuting Attorney of Preston County. The following witnesses testified in the Petitioner's case in chief: Melissa Giggenbach and Gail M. Voorhees. Both Ms. Giggenbach and Ms. Voorhees were the Petitioner's attorneys in connection with the Second Habeas Corpus Petition. The Respondent did not present any witnesses. At the close of the hearing, Petitioner's counsel made closing argument to the Court and requested additional time to file a Supplemental Memorandum of Law and Authority with the Court. The Court thereupon with the concurrence of both the Petitioner and Respondent directed that Petitioner's counsel file his Memorandum of Law by November 10, 2006, and that the Respondent file his Memorandum of Law by November 17, 2006. The Court thereupon took the matter under advisement. At the Petitioner's request, the Court subsequently extended the dates for both sides to file their memoranda to January 1, 2007.

By Opinion Letter dated January 3, 2007, the Court denied the Petitioner's third habeas. On January 16, 2007, Petitioner filed a Motion for Reconsideration of Denial of Writ of Habeas Corpus. On February 21, 2007, the Court denied the Petitioner's Motion for Reconsideration. On February 27, 2007, the Petitioner filed his Notice of Appeal and Appellate Transcript Request. The transcript for the hearing on October 27, 2006, was filed on March 12, 2007. The West Virginia Supreme Court of Appeals received the Petitioner's appeal on April 17, 2007. On July 9, 2007, the West Virginia Supreme Court of Appeals refused the Petitioner's Petition for Appeal. A petition for writ of certiorari with the Supreme Court of the United States was filed on August 6, 2007. The petition for writ of certiorari was denied on October 1, 2007.

### E. Fourth Habeas

On or about January 15, 2010, the Petitioner filed a fourth Petition for Writ of Habeas Corpus with this Court denoted as Civil Action No. 10-C-13 (the fourth habeas).

Attorney Peter D. Dinardi was appointed to represent the Petitioner by order entered May 4, 2010. Attorney C. Matt Rollins was appointed to represent the Petitioner as Mr. Dinardi's co-counsel on October 21, 2010.

On August 31, 2010, the Petitioner's Losh v. McKenzie Checklist was filed alleging the following grounds:

1. Trial court lacked jurisdiction;
3. Indictment shows on face no offense was committed;
14. Consecutive sentences for same transaction;
16. Suppression of helpful evidence by prosecutor;

10

17. State's knowing use of perjured testimony;
21. Ineffective assistance of counsel;
22. Double jeopardy;
23. Irregularities in arrest;
27. Irregularities or errors in arraignment;
28. Challenges to the composition of grand jury or its procedures;
29. Failure to provide copy of indictment to defendant;
30. Defects in indictment;
37. Non-disclosure of Grand Jury minutes,
41. Constitutional errors in evidentiary rulings;
42. Instructions to the jury;
44. Claims of prejudicial statements by prosecutor,
45. Sufficiency of evidence;
47. Defendant's absence from part of the proceedings;
50. Severer sentence than expected;
51. Excessive sentence;
54. Any other grounds (state specific grounds):

On an attached page, the Petitioner also alleged the following additional grounds:

1. Improper, prejudicial testimony of M. r P ;
2. Right to confront violated by the improper prejudicial testimony of M
   P ;
3. Testimony obtained through Deputy Sheriff Ken Wotring, in concern with items obtained through invalid Search Warrant;
4. Improper use of 'presume" and "presumed" in Jury Instructions;
5. No witness sequestration;
6. Improper Reasonable Doubt Instruction;
7. Improper Grand Jury Proceedings;
8. Identical Counts contained in the Indictment;
9. Multiply [sic] punishments for the same transaction;
10. Cumulative effect of errors.

Also listed as an attached ground but "whited-out," is a ground alleged as "Improper Jury Instructions." Again, as with the third habeas in this Court, Petitioner's August 31, 2010 Checklist contains the following Certificate of Petitioner, which Certification was executed by the Petitioner:

My attorney has advised me that I should raise each and every ground which I feel may entitle me to habeas corpus relief. My attorney has further advised me that any grounds not so raised are waived by me and may not ever be raised in State Court. I do not wish to raise of the grounds checked and initialed above, and knowingly waive them.

11

After extensions were granted by the Court, the Petitioner filed his Petition for Writ of Habeas Corpus on April 11, 2011.

Thereafter, on or about May 17, 2011, the State filed Respondent's Motion to Dismiss and Answer to Petition. On May 18, 2011, Petitioner filed his Amended Petition for Writ of Habeas Corpus. On May 27, 2011, the State filed Respondent's Memorandum in Support of Motion to Dismiss. Petitioner's Response to Respondent's Motion to Dismiss was filed on June 6, 2011.

A Second Amended Petition for Fourth Writ of Habeas Corpus was filed by the Petitioner on July 29, 2011. Petitioner alleged two primary grounds in his Second Amended Petition: 1) Ineffective Assistance of Counsel, and 2) Petitioner's Recidivist Conviction was Unlawful and Unconstitutional. More specifically, Petitioner alleged the following errors with respect to his prior counsel:[7]

13. Petitioner alleges the following errors on the part [of] his [third] habeas counsel:

a) He never challenged the failure of Petitioner's first habeas counsel to question trial counsel's failure to attack the invalid information submitted by the Prosecuting Attorney regarding the recidivist statute. The Prosecuting Attorney amended the information the day before sentencing and long after the verdict. As such, Rule 7e of the W.V.R. of Criminal Procedure was violated. Said rule requires that any such amendment occur before the verdict and therefore violated the defendant's right to be confronted with the facts charged in the entire information and amended information and is a violation of the mandatory and jurisdictional requirements of West Virginia Code §61-11-19.

b) The second habeas counsel failed to challenge the failure of the first habeas counsel to question trial counsel's failure to specifically object to the hearsay testimony of M___ 'P) ___ regarding statements allegedly made by V; ___ B; ___ .. This type [of] testimony is prohibited by *State v Murray*, 375 S E.2d 405 (W.Va. 1998). *Murray* specifically prohibits the type of hearsay testimony in question; trial counsel failed to object [to] this

c) Further, all prior habeas counsel and trial counsel failed to raise the issue or object to the testimony of M. ___ P ___ and C ___ 'Br ___ as expert witnesses when they had never been disclosed as experts by the State and as such, the jury may have placed undue weight on their testimony which in turn the result of which would have likely led to the Petitioner's acquittal or the overturning of the conviction at the prior habeas proceedings.

d) The third habeas counsel failed to challenge the failure of the second habeas counsel's failure to challenge the recidivist portions of Mr. Redleski's convictions.

12

e) Trial counsel failed to object to the testimony of T.  B          and Rı    f          , Jr. who were not on the State's witness list and who were therefore surprise witnesses in violation of *Brady v. Maryland*, 373 U.S. 83, 10 L.Ed.2d 215 (1963). Trial counsel failed to object and both the first and second habeas counsel failed to raise this as ineffective assistance of counsel.

f) Deputy Ken Wotring sat in the Courtroom during the entire trial and assisted the Prosecuting Attorney. He was called to testify during the State's case in chief then later called as a rebuttal witness. Trial counsel failed to object to this; the Deputy should have been sequestered but trial counsel failed to object and both of Petitioner's previous habeas counsel failed to raise this issue

g) Deputy Wotring testified as to evidence admitted at trial as to personal property being removed from a van on Petitioner's property. Petitioner's name was on the search warrant and the search warrant identified the van as belonging to the Petitioner. The van was never titled in the name of petitioner but despite being told this trial counsel did not object and neither previous habeas counsel raise[d] this issue.

h) Previous habeas counsel and trial counsel were ineffective for failing to challenge the issue of Deputy Sheriff Ken Wotring sat in the Courtroom during the entire trial, testified toward the end of the State's case in chief and then testified as a rebuttal witness after listening to testimony in the trial.

i) Trial counsel failed to individually voir dire jurors who had "connections" with law enforcement and/or the Prosecuting Attorney's office. Previous habeas counsel failed to identify this as ineffective assistance of counsel.

j) Previous habeas counsel and trial counsel failed to challenge the imposition of a life sentence based upon the recidivist statute being improperly applied. The felonies in question were consensual in nature and not violent. Petitioner contends that the intent of the recidivist statute is to imprison for life *violent offenders* and not offenders such as petitioner.

k) Trial counsel and all previous habeas counsel failed to challenge the issue of reasonable doubt used by the jury to convict the defendant.

[14.] Petitioner contends that although the Court could find one or two of these harmless errors, the cumulative effect was such as to deny petitioner effective assistance at trial and in previous habeas proceedings and but for the above stated reasons, the Petitioner would not have been convicted or his conviction would have been overturned in the case of his prior habeas counsel.

13

(Second Amended Petition for Writ of Habeas Corpus at 3-5.) Petitioner also alleged the following errors in support of his contention that his "recidivist conviction was unlawful and unconstitutional": "defective recidivist information," "plain error in recidivist conviction and life sentence," "the recidivist conviction was against the weight of the evidence and contrary to the law," and "Mr. Redleski's life sentence violates the proportionality principle."

Petitioner filed a Motion to Disqualify Prosecuting Attorney on October 3, 2011. By order entered October 17, 2011, the Court ordered that the Preston County Prosecuting Attorney's Office was disqualified and a Special Prosecutor was appointed to avoid the appearance of impropriety. On October 26, 2011, the Court appointed William Mont Miller, the Tucker County Prosecuting Attorney, as Special Prosecutor in this matter.

On February 15, 2012, the Court conducted an Omnibus Hearing on the Petitioner's fourth habeas. The Petitioner, Douglas A. Redleski, was present in person and by counsel, Peter D. Dinardi and C. Matt Rollins, at said hearing. The Respondent appeared by William Mont Miller, Special Prosecutor.

At the start of the hearing, the Respondent renewed the Motion to Dismiss. The Court then granted the Motion to Dismiss based upon Losh v. McKenzie as to all the Petitioner's grounds with the exception of ineffective assistance of counsel and also allowed Petitioner to develop the alleged issue regarding the application of the recidivist statute. The following witnesses testified in the Petitioner's case in chief: David Grunau, Melissa Giggenbach, Edmund Rollo, Natalie Sal, Gail Voorhees Lipscomb, Virginia Hopkins, and Douglas Redleski. David Grunau, Melissa Giggenbach, Natalie Sal, and Gail Voorhees Lipscomb were the Petitioner's attorneys in his prior habeas corpus petitions. Edmund Rollo was Petitioner's trial and appellate counsel. Virginia Hopkins was the Preston County Prosecuting Attorney who tried the case against the Petitioner. The Respondent did not present any witnesses. At the close of the hearing, at the request of Petitioner's counsel earlier in the hearing, the Court gave the Petitioner and Respondent until the close of March 9, 2012, to file memoranda on the issue of the alleged recidivism errors. The Court took the matter under advisement. On March 8, 2012, the Respondent filed his memorandum of law. On March 12, 2012, the Petitioner filed his memorandum of law

## A. Claims of Petitioner

Petitioner alleged two primary grounds in his Second Amended Petition for Writ of Habeas Corpus: 1) Ineffective Assistance of Counsel, and 2) Petitioner's Recidivist Conviction was Unlawful and Unconstitutional. More specifically, Petitioner alleged the following errors with respect to his prior counsel:

13. Petitioner alleges the following errors on the part [of] his [third] habeas counsel:

a) He never challenged the failure of Petitioner's first habeas counsel to question trial counsel's failure to attack the invalid information submitted by the

14

Prosecuting Attorney regarding the recidivist statute. The Prosecuting Attorney amended the information the day before sentencing and long after the verdict. As such, Rule 7e of the W.V.R. of Criminal Procedure was violated. Said rule requires that any such amendment occur before the verdict and therefore violated the defendant's right to be confronted with the facts charged in the entire information and amended information and is a violation of the mandatory and jurisdictional requirements of West Virginia Code §61-11-19.

b) The second habeas counsel failed to challenge the failure of the first habeas counsel to question trial counsel's failure to specifically object to the hearsay testimony of Mr P regarding statements allegedly made by V B . This type [of] testimony is prohibited by *State v. Murray*, 375 S.E.2d 405 (W.Va. 1998). *Murray* specifically prohibits the type of hearsay testimony in question; trial counsel failed to object [to] this.

c) Further, all prior habeas counsel and trial counsel failed to raise the issue or object to the testimony of M P and C B as expert witnesses when they had never been disclosed as experts by the State and as such, the jury may have placed undue weight on their testimony which in turn the result of which would have likely led to the Petitioner's acquittal or the overturning of the conviction at the prior habeas proceedings.

d) The third habeas counsel failed to challenge the failure of the second habeas counsel's failure to challenge the recidivist portions of Mr. Redleski's convictions.

e) Trial counsel failed to object to the testimony of Ti Buckingi and R d E i , Jr. who were not on the State's witness list and who were therefore surprise witnesses in violation of *Brady v Maryland*, 373 U S. 83, 10 L.Ed.2d 215 (1963). Trial counsel failed to object and both the first and second habeas counsel failed to raise this as ineffective assistance of counsel.

f) Deputy Ken Wotring sat in the Courtroom during the entire trial and assisted the Prosecuting Attorney. He was called to testify during the State's case in chief then later called as a rebuttal witness. Trial counsel failed to object to this; the Deputy should have been sequestered but trial counsel failed to object and both of Petitioner's previous habeas counsel failed to raise this issue.

g) Deputy Wotring testified as to evidence admitted at trial as to personal property being removed from a van on Petitioner's property. Petitioner's name was on the search warrant and the search warrant identified the van as belonging to the Petitioner. The van was never titled in the name of petitioner but despite being told this trial counsel did not object and neither previous habeas counsel raise[d] this issue.

15

h) Previous habeas counsel and trial counsel were ineffective for failing to challenge the issue of Deputy Sheriff Ken Wotring sat in the Courtroom during the entire trial, testified toward the end of the State's case in chief and then testified as a rebuttal witness after listening to testimony in the trial.

i) Trial counsel failed to individually voir dire jurors who had "connections" with law enforcement and/or the Prosecuting Attorney's office. Previous habeas counsel failed to identify this as ineffective assistance of counsel.

j) Previous habeas counsel and trial counsel failed to challenge the imposition of a life sentence based upon the recidivist statute being improperly applied. The felonies in question were consensual in nature and not violent. Petitioner contends that the intent of the recidivist statute is to imprison for life *violent offenders* and not offenders such as petitioner.

k) Trial counsel and all previous habeas counsel failed to challenge the issue of reasonable doubt used by the jury to convict the defendant.

[14.] Petitioner contends that although the Court could find one or two of these harmless errors, the cumulative effect was such as to deny petitioner effective assistance at trial and in previous habeas proceedings and but for the above stated reasons, the Petitioner would not have been convicted or his conviction would have been overturned in the case of his prior habeas counsel.

(Second Amended Petition for [Fourth] Writ of Habeas Corpus at 3-5.) Petitioner also alleged the following errors in support of his contention that his "recidivist conviction was unlawful and unconstitutional": "defective recidivist information," "plain error in recidivist conviction and life sentence," "the recidivist conviction was against the weight of the evidence and contrary to the law," and "Mr Redleski's life sentence violates the proportionality principle."

## B. Legal Standard

The standard for prevailing on a claim of ineffective assistance of counsel in West Virginia is found in State ex rel. Bess v. Legursky, 195 W.Va. 435, 465 S.E.2d 892 (1995). In that case, the West Virginia Supreme Court of Appeals held at Syllabus Point 1 that:

In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Id. (Citing Syl. Pt. 5, State v. Miller, 194 W.Va. 3, 459 S.E.2d 114 (1995)). The Court goes on to hold at Syllabus Point 2 in Bess that:

16

In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

See also Syl. Pt. 6, State v. Miller, supra.

West Virginia Code § 53-4A-1(a) provides, in part, that:

[a]ny person convicted of a crime and incarcerated under sentence of imprisonment therefore who contends that there was such a denial or infringement of his rights as to render the conviction or sentence void under the Constitution of the United States or the Constitution of this State, or both,... or that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under the common law or any statutory provision of this State, may ... file a petition for a writ of habeas corpus ad subjiciendum, and prosecute the same, seeking release from such illegal imprisonment, correction of the sentence, the setting aside of the plea, conviction and sentence, or other relief, if and only if such contention or contentions and the grounds in fact or law relied upon in support thereof have not been previously and finally adjudicated or waived in the proceeding which resulted in the conviction and sentence, or in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or in any other proceeding or proceedings which the petitioner has instituted to secure relief from such conviction or sentence.

The West Virginia Supreme Court of Appeals has held that:

[a]n omnibus habeas corpus hearing as contemplated in W.Va. Code, 53-4A-1 et seq. (1967) occurs when: (1) an applicant for habeas corpus is represented by counsel or appears pro se having knowingly and intelligently waived his right to counsel; (2) the trial court inquires into all the standard grounds for habeas corpus relief; (3) a knowing and intelligent waiver of those grounds not asserted is made by the applicant upon advice of counsel unless he knowingly and intelligently waived his right to counsel; and (4) the trial court drafts a comprehensive order including the findings on the merits of the issues addressed and a notation that the defendant was advised concerning his obligations to raise all grounds for post-conviction relief in one proceeding.

Syl Pt. 1, Losh v. McKenzie, 166 W.Va. 762, 277 S.E.2d 606 (1981).

Article 3, Section 14 of the Constitution of the State of West Virginia assures the right to assistance of counsel in a criminal proceeding, a right also assured by the Sixth Amendment to

the Constitution of the United States. "The right of a criminal defendant to assistance of counsel includes the right to effective assistance of counsel." Syl. Pt 1; Cole v. White, 180 W.Va. 393, 376 S.E.2d 599 (1988).

To prevail in post-conviction habeas corpus proceedings, the "petitioner has the burden of proving by a preponderance of the evidence the allegations contained in his petition or affidavit which would warrant his release." Syl. Pt. 1, in part, State ex rel. Scott v. Boles, 150 W.Va. 453, 147 S.E.2d 486 (1966).

"[Our] [p]ostconviction habeas corpus statute .. clearly contemplates that [a] person who has been convicted of a crime is ordinarily entitled, as a matter of right, to only one postconviction habeas corpus proceeding[.]" Syl. Pt 1, Markley v. Coleman, 215 W.Va 729, 601 S E.2d 49 (2004) (per curiam) (alterations in the original) (quoting Syl. Pt. 1, in part, Gibson v. Dale, 173 W.Va. 681, 319 S.E.2d 806 (1984)). "A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively." Syl. Pt. 2, Markley, 215 W.Va. 729, 601 S.E.2d 49 (quoting Syl. Pt. 4, Losh v. McKenzie, 166 W.Va. 762, 277 S.E.2d 606 (1981)).

## Findings of Fact and Conclusions of Law

On February 15, 2012, the Court conducted an Omnibus Hearing in the instant petition The Petitioner was present, in person, and represented by his attorneys Peter D. Dinardi and C. Matt Rollins. The Respondent Warden was represented by William Mont Miller, Special Prosecuting Attorney. The Respondent Warden thereupon renewed his Motion to Dismiss the Instant Petition under Rule 4(c), Rules of Procedure for Habeas Corpus Proceedings, alleging that summary dismissal was appropriate because all grounds for relief had been previously waived or been raised and previously decided in the Petitioner's three prior Habeas Corpus Proceedings. After hearing the argument of counsel, the Court granted the respondent's Motion, except on two grounds (1) ineffective assistance of Third Habeas Corpus Counsel and (2) Recidivist Conviction was Unlawful and Unconstitutional.[6]

The Petitioner, thereupon, presented the testimony of David Grunau who represented the Petitioner on the Third Habeas; Melissa Giggenbach, who represented the Defendant on the Second Habeas; Edmund J. Rollo, the Petitioner's trial attorney in the underlying felony trial; Natalie J. Sal, who represented the Petitioner on his first habeas; Gail Voorhees Lipscomb, who represented the Petitioner in his Second Habeas; Virginia J. Hopkins, Prosecuting Attorney in Petitioner's underlying felony trial; and the Petitioner, Douglas Redleski. The Respondent did not present any evidence.

Following the presentation of the evidence, counsel for the Petitioner requested the opportunity to file a Memorandum of Law and Authority with the Court and without objection,

---

[6] See Seconded Amended Petition filed July 29, 2011, at 2-14 that asserts these two grounds

the Court ordered that the Petitioner and Respondent file any memorandum of law that they desire to file by March 9, 2012. The Court thereupon took the matter under advisement.

On March 8, 2012, the Petitioner filed a memorandum of law. On March 12, 2012, the Respondent filed a memorandum of law.

## A. Ineffective Assistance of Third Habeas Counsel

The Petitioner asserts third habeas counsel was ineffective for the reasons set forth in subpart E, (A) set forth herein (claims of petitioner). In order to find ineffective assistance of counsel, the Court must apply the Strickland test and determine if: "(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for, counsel's unprofessional errors, the result of the proceeding would have been different." Syl. Pt. 1, Bess, 195 W.Va. 435, 465 S.E.2d 892 (citation omitted).

In the instant case, the Petitioner has failed to meet both prongs of the Strickland test. The Court finds that there is no testimony that Attorney Grunau's performance was deficient under an objective standard of reasonableness or that there is a reasonable probability that but for his errors, the result of the proceeding would have been different. The principal issues that the Petitioner addressed through the testimony of his former habeas corpus, David Grunau, concern the recidivist statute and the contention of Petitioner that his recidivist conviction was unlawful and unconstitutional. However, the Petitioner acknowledges that Attorney Grunau pursued numerous allegations that Second Habeas Counsel was ineffective in this regard. Specifically, Petitioner acknowledges that third habeas counsel asserted in the third habeas petition:

> d. Second habeas counsel failed to challenge the Trial Court's imposition of a life sentence based upon the Recidivist Statute, which was improperly applied because the felonies triggering the Recidivist Statute were consensual in nature and not violent as required by law. Although the first habeas counsel broached the subject briefly in the First Habeas Petition, Judge Reed did not specifically address the issue, instead perfunctorily stating that the sentence was not excessive. The issue was therefore not *res judicata*, and should have been raised by second habeas counsel.

> g. Second habeas counsel never challenged first habeas counsel's failure to challenge trial counsel's failure to attack the invalid information submitted by the Prosecutor regarding the Recidivist Statute; this information was amended the day before sentencing and well after the verdict, and as such violates Rule 7(e) of the West Virginia Rules of Criminal Procedure, which requires such amendment occur, if at all, before the verdict.

(Amended Third Petition for Writ of Habeas Corpus in Civil Action No. 04-C-206 at 4.) The Petitioner has not shown that Mr. Grunau's performance was deficient under an objective standard of reasonableness or that there was a reasonable probability but for counsel's

unprofessional errors the result of the proceedings would have been different. Accordingly, the Court finds that this ground is without merit.

### B. Recidivist Conviction Unlawful and Unconstitutional

The Second Amended Petition contends that the Petitioner's Recidivist Conviction was unlawful and unconstitutional in the following regard: 1) defective recidivist information; 2) plain error in recidivist conviction and life sentence; 3) recidivist conviction against weight of evidence and contrary to the law; and 4) life sentence violates the proportionality principle.

The Court finds and concludes that these contentions were not asserted in the First Habeas Proceeding and are, therefore, waived under Losh v. McKenzie. Even if not considered to have been waived in the first habeas proceeding, these contentions were raised by Attorney Grunau in the Third Habeas Corpus Proceeding. Specifically, Attorney Grunau asserted grounds *d* and *g*, as noted above, which pertain to the recidivist information at sentencing. In its Opinion Letter dated January 3, 2007, the Court denied the third habeas. Petitioner's current habeas counsel argues that the Court did not make specific Findings of Fact and Conclusions of Law on issues regarding the recidivist information and sentencing in that Opinion Letter. However, the Court specifically noted:

> With respect to grounds *b* through *l* of the Petitioner's Claims of Ineffective Assistance, in the instant case, the Court finds and concludes that second habeas counsel was not ineffective for failure to raise these grounds because they and their expert, Attorney Herndon, determined that these issues were either without merit or would not meet the second prong of the Strickland test because of what Mr. Herndon characterized as the "overwhelming weight of evidence in this case."

(Opinion Letter dated January 3, 2007, at 13.) In other words, the Petitioner's expert witness, Attorney Herndon, testified at the second habeas corpus omnibus hearing that the only significant issue that he could identify on an ineffective assistance of counsel claim in this case was the issue involving multiple counts using identical language in the indictment. Therefore, the issue of the recidivist information was not only waived at the first habeas but also discounted by Petitioner's expert witness at the second habeas as without merit and the Court so found.

Assuming *arguendo* the asserted grounds concerning the recidivist information and conviction have not been heretofore waived and finally decided, these grounds are without merit. W Va. Code § 61-11-19 (1943) (Repl. Vol. 2010) states:

> It shall be the duty of the prosecuting attorney when he has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary to give information thereof to the court immediately upon conviction and before sentence. Said court shall, before expiration of the term at which such person was convicted, cause such person or prisoner to be brought before it, and upon an information filed by the prosecuting attorney, setting forth the records of conviction and sentence, or

convictions and sentences, as the case may be, and alleging the identity of the prisoner with the person named in each, shall require the prisoner to say whether he is the same person or not. If he says he is not, or remains silent, his plea, or the fact of his silence, shall be entered of record, and a jury shall be impanelled to inquire whether the prisoner is the same person mentioned in the several records. If the jury finds that he is not the same person, he shall be sentenced upon the charge of which he was convicted as provided by law; but if they find that he is the same, or after being duly cautioned if he acknowledged in open court that he is the same person, the court shall sentence him to such further confinement as is prescribed by section eighteen of this article on a second or third conviction as the case may be.

The clerk of such court shall transmit a copy of said information to the warden of the penitentiary, together with the other papers required by the provisions of section ten, article eight, chapter sixty-two of the Code of West Virginia, one thousand nine hundred thirty-one.

Nothing contained herein shall be construed as repealing the provisions of section four, article eight, chapter sixty-two of the Code of West Virginia, one thousand nine hundred thirty-one, but no proceeding shall be instituted by the warden, as provided therein, if the trial court has determined the fact of former conviction or convictions as provided herein.

The West Virginia Supreme Court of Appeals has stated:

Under W.Va. Code, 61-11-19 (1943) a recidivist proceeding does not require proof of the triggering offense because such triggering offense must be proven prior to the invocation of the recidivist proceeding. At the recidivist proceeding, proof of the prior felony or felonies conviction that are used to establish the recidivist conviction must be shown. Such recidivist conviction will then be used to enhance the penalty of the underlying triggering conviction.

Syl. Pt. 3, State v. Wyne, 194 W.Va. 315, 460 S.E.2d 450 (1995). The prosecutor is required to file an information that identifies "the records of conviction and sentence, or convictions and sentences, as the case may be, and alleging the identity of the prisoner with the person named in each[.]" W.Va. Code § 61-11-19. "These records obviously relate to the prior felony convictions of the defendant and not the conviction that triggers the recidivist charge." Wyne, 194 W.Va. at 317, 460 S.E.2d at 452. The conviction triggering the recidivist charge is the conviction receiving the enhanced sentence. Id. Rule 7(e) of the West Virginia Rules of Criminal Procedure does not control the filing of the information. Rather, the information referred to in Wyne is the information contemplated by W.Va. Code § 61-11-19.

The Petitioner's argument that the recidivist information was amended is without merit because in actuality the only "amendment" was a statement filed by the State, without objection, of the triggering offense it asserted should have been enhanced. (See Trial Transcript at 990.) However, a statement of the triggering offense was not necessary. See id. at Syl. Pt. 3.

21

The Supreme Court in <u>State ex rel. Appleby v. Recht</u>, 213 W.Va. 503, 511 (2002), states:

> Under West Virginia Code §§ 61-11-18 & 19, the imposition of a life sentence is not "definite, immediate and largely automatic." The State not only retains the discretion to decide when to pursue recidivist sentencing (or to decide not to so proceed), but the separate nature of the recidivist proceeding requires the State to satisfy a number of requirements, such as: (1) filing a written information, Syl. Pt 1, <u>State ex rel. Cox v. Boles</u>, 146 W.Va. 392, 120 S.E.2d 707 (1961); (2) proving "beyond a reasonable doubt that each penitentiary offense, including the principal penitentiary offense, was committed subsequent to each preceding conviction and sentence[,]" Syl., <u>State v. McMannis</u>, 161 W.Va. 437, 242 S.E.2d 571 (1978); and (3) proving beyond a reasonable doubt to the jury the identity of the defendant. W.Va. Code § 61-11-19; Syl. Pt. 4, <u>State v. Vance</u>, 164 W.Va. 216, 262 S.E.2d 423 (1980).

This procedure was followed in this case. A review of the Petitioner's underlying felony case and the recidivist proceedings show that on August 26, 1996, the Petitioner was informed by Circuit Judge Halbritter that an information was filed pursuant to W.Va. Code §§ 61-11-18 and 61-11-19. The information was read to the Petitioner by Judge Halbritter and the Petitioner was informed of his rights. (Trial Transcript at 850.) Importantly, the Court notes the information also contained Exhibits A[7], B[8], and C[9]. This Court notes that from the transcript of this proceeding, the Defendant and his trial counsel acknowledged that they had a copy of the recidivist information and its attachments. (See id.) After being informed of his rights, the Petitioner elected to stand silent to the information and the Court thereupon proceeded to set the matter for trial. (Id at 854.)

A jury trial on the recidivist information was conducted on September 16, 1996. (See id. at 857.) At that time the Prosecuting Attorney, Virginia Hopkins, presented the following witnesses in the State's case in chief: Roger L. Graham, Deputy Sheriff of Stark County Sheriff's Office, Canton Ohio; Jeff Robertson, Preston County Sheriff's Department; Steven King, latent fingerprint examiner, West Virginia State Police Forensic Laboratory; and Robert Parenti, State of Ohio, Adult Parole Officer. The Petitioner presented no witnesses. The jury, at the conclusion of all the evidence, after hearing the testimony presented and considering the exhibits and evidence presented, and after hearing the argument of counsel, returned a verdict finding:

FIRST ISSUE

WE, THE JURY, FIND THAT THE DEFENDANT, DOUGLAS REDLESKI,

---

[7] Exhibit A – Judgment Entry, Court of Common Pleas, Stark County, Ohio <u>State of Ohio v Douglas Redleski</u>, Case No 77-7090

[8] Exhibit B – Judgment Entry, Court of Common Pleas, Stark County, Ohio <u>State of Ohio v Douglas Andrew Redleski</u>, Case No 90-0223

[9] Exhibit C – Judgment, District Court for the 253rd Judicial District, Chambers County, Texas <u>State of Texas v Douglas A. Redleski</u>, Case No 5305

22

[X]     IS                                                          [ ]     IS NOT

THE SAME PERSON WHO WAS PREVIOUSLY CONVICTED AND
SENTENCED FOR THE FELONY OFFENSE OF AGGRAVATED ROBBERY
IN THE COURT OF COMMON PLEAS OF STARK COUNTY, OHIO, IN THE
YEAR 1977, AND WHICH FELONY CONVICTION HAS NOT BEEN
REVERSED OR SET ASIDE.

SECOND ISSUE

      WE, THE JURY, FIND THE DEFENDANT, DOUGLAS
REDLESKI,

[X]     IS                                                          [ ]     IS NOT

THE SAME PERSON WHO WAS PREVIOUSLY CONVICTED AND
SENTENCED FOR THE FELONY OFFENSE OF BURGLARY OF
HABITATION WITH INTENT TO COMMIT AGGRAVATED ASSAULT IN
THE DISTRICT COURT OF CHAMBERS COUNTY, TEXAS, IN THE YEAR
1983, AND WHICH FELONY CONVICTION HAS NOT BEEN REVERSED
OR SET ASIDE.

THIRD ISSUE

      WE, THE JURY, FIND THE DEFENDANT, DOUGLAS
REDLESKI,

[X]     IS                                                          [ ]     IS NOT

THE SAME PERSON WHO WAS PREVIOUSLY CONVICTED AND
SENTENCED FOR THE FELONY OFFENSE OF AGGRAVATED ASSAULT
IN IN THE COURT OF COMMON PLEAS OF STARK COUNTY, OHIO, IN
THE YEAR 1990, AND WHICH FELONY CONVICTION HAS NOT BEEN
REVERSED OR SET ASIDE.

(Verdict Form in Case No. 96-F-14.)

    The record of the trial on the recidivist information clearly shows the jury was presented
with testimony and exhibits through the State's case in chief regarding the alleged prior felony
offense dates, convictions, and sentencing of Petitioner.

23

## 1977 Stark County, Ohio, Felony Aggravated Robbery Conviction

Included among the exhibits presented to the jury was: Exhibit 4, March 5, 1996, Ohio Aggravated Robbery Fingerprint Card; Exhibit 12, 1977 Indictment from Stark County, Ohio; and Exhibit 10, a journal entry from the Stark County Court of Common pleas showing the Petitioner's indictment, conviction, and supervised release on parole. These exhibits show the following:

1. Offense: Felony Aggravated Robbery
2. Offense date: February 12, 1977 (Indictment – State's Exhibit 12)
3. Indictment date: February 24, 1977 (Indictment – State's Exhibit 12)
4. Conviction date: March 11, 1977 (State's Exhibit 10)
5. Sentence date: April 15, 1977 (State's Exhibit 10)

### 1983 Chambers County, Texas, Burglary of a Habitation with Intent to Commit Aggravated Assault Conviction

In addition, Exhibit 9, State of Texas Fingerprint Card, and Exhibit 1, State of Texas Minutes from District Court, placing Petitioner on probation for conviction of Felony Burglary of Habitation with Intent to Commit Aggravated Assault, show:

1. Offense: Felony Burglary of a Habitation with Intent to Commit Aggravated Assault
2. Offense date: March 7, 1983 (State's Exhibit 1)
3. Conviction date: April 29, 1983 (State's Exhibit 1)
4. Sentence date: April 29, 1983 (State's Exhibit 1)

## 1990 Stark County, Ohio, Felonious Aggravated Assault Conviction

In addition, Exhibit 5, photograph from Stark County, Ohio, booking, March 22, 1991, Exhibit 13, certified copy of 1990 indictment from Stark County, Ohio; and Exhibit 11, Stark County Journal entry show:

1. Offense: Felonious Aggravated Assault
2. Offense date: March 22, 1990 (State's Exhibit 13)
3. Indictment date: April 27, 1990 (State's Exhibit 13)[10]
4. Conviction date: June 14, 1990 (State's Exhibit 11)
5. Sentence date: June 14, 1990 (State's Exhibit 11)

Accordingly, despite the Petitioner's claims that the State of West Virginia failed to prove the date each offense charged in the recidivist information was committed, the record of the trial of the Petitioner on the recidivist information shows that this information was presented and considered by the jury as hereinabove noted.

---

[10] The Indictment contains a specification that the Grand Jury for Stark County, Ohio, also found that the Defendant, Douglas Andrew Redleski, had previously been convicted of or pled guilty in 1977 to Aggravated Robbery in Stark County, Ohio

24

In addition to the issue of the alleged unlawful and unconstitutional recidivist information, the Petitioner also alleges ineffective assistance of Third Habeas Counsel because he failed to argue ineffective assistance of the Petitioner's sentence under the proportionality principle This issue, however, has previously been raised with respect to prior habeas claims where the issue of an excessive sentence was raised. For this reason, the issue has been previously raised and ruled upon. Nonetheless, assuming *arguendo* that this Court has not addressed the argument, the Court applies the following test:

> The appropriateness of a life recidivist sentence under our constitutional proportionality provision found in Article III, Section 5 [of the West Virginia Constitution], will be analyzed as follows: We give initial emphasis to the nature of the final offense which triggers the recidivist life sentence, although consideration is also given to other underlying convictions. The primary analysis of these offenses is to determine if they involve actual or threatened violence to the person since crimes of this nature have traditionally carried the more serious penalties and therefore justify application of the recidivist statute.

Syl. Pt. 4, Wyne, 194 W.Va. 315, 460 S.E.2d 450 (citations omitted). In addition, the Court has stated:

> In determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction.

Syl. Pt. 5, Wanstreet v. Bordenkircher, 166 W.Va. 523, 276 S.E.2d 205 (1981). Emphasis is not placed solely on the triggering offense because "the recidivist statute is also designed to enhance the penalty for persons with repeated felony convictions, i.e., the habitual offenders." Id., 166 W.Va. at 534, 276 S.E.2d at 212. "[F]or purposes of proportionality, the third felony is entitled to more scrutiny than the preceding felony convictions since it provides the ultimate nexus to the sentence." Id. "A trial judge may impose sentences which run consecutively for multiple convictions rendered on the same day in which one of the convictions is subject to enhancement pursuant to W.Va. Code § 61-11-19 (1943)." Syl. Pt. 2, State v. Harris, 226 W.Va. 471, 702 S.E.2d 603 (2010) (per curiam).

The Petitioner argues his triggering felony conviction of Sexual Abuse by a Caretaker is nonviolent and the sentence imposed upon his recidivist conviction therefore violates the proportionality principle. A review of the record indicates Judge Halbritter's consideration of Sexual Abuse by a Caretaker and Sexual Assault in the Third Degree as crimes involving actual or threatened violence. (See Trial Transcript at 1005.) Additionally, an analysis of the Petitioner's prior offenses – aggravated robbery, aggravated assault, and burglary habitation with intent to commit assault – requires the conclusion that his prior offenses are all violent offenses.

25

Therefore, even if the Court were to consider Petitioner's contention that his sentence violates the proportionality principle, the Court would find the argument without merit due to the violent offenses committed over twenty years in addition to the violence of his triggering offense as found by Judge Halbritter. The trial transcript shows Judge Halbritter carefully reviewed on the record Article 3, Section 5 of the West Virginia Constitution, as well as almost a dozen cases dealing with the Proportionality Clause. (See Trial Transcript at 1000-05.) Furthermore, the Petitioner's sentence for his convictions running consecutively with Petitioner's sentence for imprisonment for the remainder of his natural life is expressly permitted. See Harris, 226 W.Va. at 476-77, 702 S.E.2d at 608-09; State v. Housden, 184 W.Va. 171, 399 S.E.2d 882 (1990).

## Conclusions

Based upon a review of the entire record and in accordance with the Findings of Fact and Conclusions of Law herein contained, the Court finds and concludes that the instant petition for Writ of Habeas Corpus should be denied.

To the ruling of the Court the Petitioner is saved his objections and exceptions.

A duplicate original of this letter has been filed in the official court file.

Very truly yours,

Lawrance S. Miller, Jr., Judge
18th Judicial Circuit

LSMJr/dltb

26

IN THE CIRCUIT COURT OF PRESTON COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA, ex rel.
DOUGLAS A. REDLESKI,

PETITIONER,

vs.                                                              // CIVIL ACTION NO. 10-C-13

ADRIAN HOKE, WARDEN
HUTTONSVILLE CORRECTIONAL CENTER,

RESPONDENT.

## ORDER DENYING PETITIONER'S FOURTH PETITION FOR HABEAS CORPUS RELIEF

On a former day, to wit, January 15, 2010, came the Petitioner, Douglas Redleski, and filed with this Court his original petition seeking a writ of habeas corpus ad subjiciendum to be directed to Adrian Hoke, Warden, commanding Respondent to produce the body of the Petitioner before this Court to show cause why Respondent holds Petitioner in restraint of his liberty.

Attorney Peter D. Dinardi was appointed to represent the Petitioner by order entered May 4, 2010. Attorney C. Matt Rollins was appointed to represent the Petitioner as Mr. Dinardi's co-counsel on October 21, 2010.

On August 31, 2010, the Petitioner's Losh v. McKenzie[1] Checklist was filed alleging the following grounds:

1. Trial court lacked jurisdiction;
3. Indictment shows on face no offense was committed;
14. Consecutive sentences for same transaction;
16. Suppression of helpful evidence by prosecutor;
17. State's knowing use of perjured testimony;
21. Ineffective assistance of counsel;
22. Double jeopardy;

---

[1] 166 W.Va. 762, 277 S.E.2d 606 (1981).

1

23. Irregularities in arrest;
27. Irregularities or errors in arraignment;
28. Challenges to the composition of grand jury or its procedures;
29. Failure to provide copy of indictment to defendant;
30. Defects in indictment;
37. Non-disclosure of Grand Jury minutes;
41. Constitutional errors in evidentiary rulings;
42. Instructions to the jury;
44. Claims of prejudicial statements by prosecutor;
45. Sufficiency of evidence;
47. Defendant's absence from part of the proceedings;
50. Severer sentence than expected;
51. Excessive sentence;
54. Any other grounds (state specific grounds):

On an attached page, the Petitioner also alleged the following additional

grounds:

1. Improper, prejudicial testimony of M. Ph...;
2. Right to confront violated by the improper prejudicial testimony of M. Philips;
3. Testimony obtained through Deputy Sheriff Ken Wotring, in concern with items obtained through invalid Search Warrant;
4. Improper use of 'presume" and "presumed" in Jury Instructions;
5. No witness sequestration;
6. Improper Reasonable Doubt Instruction;
7. Improper Grand Jury Proceedings;
8. Identical Counts contained in the Indictment;
9. Multiply [sic] punishments for the same transaction;
10. Cumulative effect of errors.

Also listed as an attached ground but "whited-out," is a ground alleged as "Improper Jury

Instructions."

After extensions were granted by the Court, the Petitioner filed his Petition for

Writ of Habeas Corpus on April 11, 2011.

Thereafter, on or about May 17, 2011, the State filed Respondent's Motion to

Dismiss and Answer to Petition. On May 18, 2011, Petitioner filed his Amended Petition for

Writ of Habeas Corpus. On May 27, 2011, the State filed Respondent's Memorandum in

2

Support of Motion to Dismiss. Petitioner's Response to Respondent's Motion to Dismiss was filed on June 6, 2011.

A Second Amended Petition for Fourth Writ of Habeas Corpus was filed by the Petitioner on July 29, 2011. Petitioner alleged two primary grounds in his Second Amended Petition: 1) Ineffective Assistance of Counsel, and 2) Petitioner's Recidivist Conviction was Unlawful and Unconstitutional. More specifically, Petitioner alleged the following errors with respect to his prior counsel:

13. Petitioner alleges the following errors on the part [of] his [third] habeas counsel:

a) He never challenged the failure of Petitioner's first habeas counsel to question trial counsel's failure to attack the invalid information submitted by the Prosecuting Attorney regarding the recidivist statute. The Prosecuting Attorney amended the information the day before sentencing and long after the verdict. As such, Rule 7e of the W.V.R. of Criminal Procedure was violated. Said rule requires that any such amendment occur before the verdict and therefore violated the defendant's right to be confronted with the facts charged in the entire information and amended information and is a violation of the mandatory and jurisdictional requirements of West Virginia Code §61-11-19.

b) The second habeas counsel failed to challenge the failure of the first habeas counsel to question trial counsel's failure to specifically object to the hearsay testimony of M. P. regarding statements allegedly made by V E. This type [of] testimony is prohibited by *State v. Murray*, 375 S.E.2d 405 (W.Va. 1998). *Murray* specifically prohibits the type of hearsay testimony in question; trial counsel failed to object [to] this.

c) Further, all prior habeas counsel and trial counsel failed to raise the issue or object to the testimony of M. P. and C. B. as expert witnesses when they had never been disclosed as experts by the State and as such, the jury may have placed undue weight on their testimony which in turn the result of which would have likely led to the Petitioner's acquittal or the overturning of the conviction at the prior habeas proceedings.

d) The third habeas counsel failed to challenge the failure of the second habeas counsel's failure to challenge the recidivist portions of Mr. Redleski's convictions.

3

e) Trial counsel failed to object to the testimony of Ti﹒. Bi and R﹒ B﹒﹒, Jr. who were not on the State's witness list and who were therefore surprise witnesses in violation of *Brady v. Maryland*, 373 U.S. 83, 10 L.Ed.2d 215 (1963). Trial counsel failed to object and both the first and second habeas counsel failed to raise this as ineffective assistance of counsel.

f) Deputy Ken Wotring sat in the Courtroom during the entire trial and assisted the Prosecuting Attorney. He was called to testify during the State's case in chief then later called as a rebuttal witness. Trial counsel failed to object to this; the Deputy should have been sequestered but trial counsel failed to object and both of Petitioner's previous habeas counsel failed to raise this issue.

g) Deputy Wotring testified as to evidence admitted at trial as to personal property being removed from a van on Petitioner's property. Petitioner's name was on the search warrant and the search warrant identified the van as belonging to the Petitioner. The van was never titled in the name of petitioner but despite being told this trial counsel did not object and neither previous habeas counsel raise[d] this issue.

h) Previous habeas counsel and trial counsel were ineffective for failing to challenge the issue of Deputy Sheriff Ken Wotring sat in the Courtroom during the entire trial, testified toward the end of the State's case in chief and then testified as a rebuttal witness after listening to testimony in the trial.

i) Trial counsel failed to individually voir dire jurors who had "connections" with law enforcement and/or the Prosecuting Attorney's office. Previous habeas counsel failed to identify this as ineffective assistance of counsel.

j) Previous habeas counsel and trial counsel failed to challenge the imposition of a life sentence based upon the recidivist statute being improperly applied. The felonies in question were consensual in nature and not violent. Petitioner contends that the intent of the recidivist statute is to imprison for life *violent offenders* and not offenders such as petitioner.

k) Trial counsel and all previous habeas counsel failed to challenge the issue of reasonable doubt used by the jury to convict the defendant.

[14.] Petitioner contends that although the Court could find one or two of these harmless errors, the cumulative effect was such as to deny petitioner effective assistance at trial and in previous habeas proceedings and but for the above stated reasons, the Petitioner would not have been convicted or his conviction would have been overturned in the case of his prior habeas counsel.

(Second Amended Petition for Writ of Habeas Corpus at 3-5.) Petitioner also alleged the following errors in support of his contention that his "recidivist conviction was unlawful and unconstitutional": "defective recidivist information," "plain error in recidivist conviction and life sentence," "the recidivist conviction was against the weight of the evidence and contrary to the law," and "Mr. Redleski's life sentence violates the proportionality principle."

On February 15, 2012, the Court conducted an Omnibus Hearing on the Petitioner's fourth habeas. The Petitioner, Douglas A. Redleski, was present in person and by counsel, Peter D. Dinardi and C. Matt Rollins, at said hearing. The Respondent appeared by William Mont Miller, Special Prosecutor.

At the start of the hearing, the Respondent renewed the Motion to Dismiss. The Court then granted the Motion to Dismiss based upon Losh v. McKenzie as to all the Petitioner's grounds with the exception of ineffective assistance of counsel and also allowed Petitioner to develop the alleged issue regarding application of the recidivist statute. The Court found that all other grounds asserted had either been raised and finally decided or waived in the Petitioner's three prior habeas corpus petitions.

Upon examination of the second amended petition, exhibits, and affidavits, and upon full review of the evidence presented by the Petitioner in support of his claims for relief, this Court finds:

1. Petitioner appears by counsel, Peter D. Dinardi, 198 Spruce Street, Morgantown, West Virginia 26505, and C. Matt Rollins, 235 High Street, Suite 406, Morgantown, West Virginia, 26505, and Respondent appears by William Mont Miller, Special Prosecuting Attorney, 215 1st Street, Suite 4, Parsons, West Virginia 26287.

2. An evidentiary hearing was conducted on February 15, 2012, and Petitioner's counsel presented evidence and argument to the Court, concerning Petitioner's Second Amended Petition for Writ of Habeas

5

Corpus. Respondent did not present evidence, but did present argument to the Court.

3. The grounds asserted by the Petitioner in his Losh v. McKenzie Checklist of Grounds for Post Conviction Habeas Corpus Relief were dismissed at the February 15, 2012 hearing upon the Respondent's renewed Motion to Dismiss with the exception of ineffective assistance of counsel. The Court also permitted Petitioner to develop the alleged issue regarding the application of the recidivist statute.

4. On Petitioner's Losh v. McKenzie Checklist of Grounds for Post Conviction Habeas Corpus Relief, the following Certificate of Petitioner was included, which Certification was executed by Petitioner:

> My attorney has advised me that I should raise each and every ground which I feel may entitle me to habeas corpus relief. My attorney has further advised me that any grounds not so raised are waived by me and may not ever be raised in State Court. I do not wish to raise any of the grounds checked and initialed above and knowingly waive them.

The Petitioner was also orally advised by the Court that any grounds not raised by him would be waived. The Court, therefore, finds that all grounds except those listed above, are waived by the Petitioner, and he may not ever raise them in State Court.

5. By Opinion Letter dated March 19, 2012, which is filed herein, the Court made Findings of Fact and Conclusions of Law with regard to the grounds for relief asserted in this case.

6. The Court hereby incorporates by reference its Findings of Fact and Conclusions of Law as set forth in its Opinion Letter of March 19, 2012. The Court finds and concludes for the reasons set forth in its Opinion Letter that the grounds asserted are without merit.

7. In accordance with those findings, the Court **ORDERS** that the Petitioner's Fourth Petition for Writ of Habeas Corpus and the relief prayed for are **DENIED**, and this constitutes a final judgment.

8. This Court **ORDERS** that the Circuit Clerk shall send a certified copy of this Order to Petitioner's Counsel, Peter D. Dinardi and C. Matt Rollins; to Special Prosecutor William Mont Miller; and to the West Virginia Supreme Court of Appeals for filing in a master file of habeas corpus petitions.

9. The Petitioner has the right to appeal this Court's ruling to the West Virginia Supreme Court of Appeals. In the event Petitioner desires to appeal this matter, the Court continues his present counsel's appointment for purposes of such appeal.

To the ruling of the Court, the Petitioner is saved his objections and exceptions.

**ENTER** this _20_ day of March, 2012.

_____
Lawrance S. Miller Jr., JUDGE

**ENTERED** this _20_ day of March, 2012.

_____
Betsy Castle, CLERK

by: _____ Deputy

A TRUE COPY:

ATTEST:       S/BETSY CASTLE
              CLERK OF THE CIRCUIT COURT
By _____ Deputy

7